290 So.2d 49 (1974)
Clayton ADAMS, Petitioner,
v.
J. G. WHITFIELD et al., Respondents.
No. 44219.
Supreme Court of Florida.
February 6, 1974.
*50 Wilmer H. Mitchell, Holsberry, Emmanuel, Sheppard, Mitchell & Condon, Pensacola, for petitioner.
Robert P. Gaines, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for respondents.
CARLTON, Chief Justice:
Petitioner seeks certiorari review of a decision of the District Court of Appeal, First District, reported at 280 So.2d 8, which conflicts with Winn & Lovett Grocery Co. et al. v. Archer et al., 126 Fla. 308, 171 So. 214 (1936); City of Hollywood v. Coley, 258 So.2d 828 (4th DCA Fla. 1971), and Wrains v. Rose, 175 So.2d 75 (2d DCA Fla. 1965). Although the opinion sought to be reviewed is a per curiam affirmance, conflict is apparent from the record proper; we therefore have jurisdiction. Florida Constitution, Article V, § 3(b) (3) F.S.A.; Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965). Oral argument has been dispensed with, pursuant to Rule 3.10(e), Florida Appellate Rules, 32 F.S.A.
Petitioner obtained a jury verdict, in an action for malicious prosecution, which awarded him both compensatory and punitive damages. The respondents made proper post-trial motions for a new trial and for the entry of a judgment in accordance with their prior motions for directed *51 verdict. The trial court denied these motions, except to the extent of setting aside the judgment for punitive damages on the basis that "there was no evidence of actual malice to sustain an award of punitive damages". The trial court, therefore, distinguished the proof necessary to support an award of compensatory damages from that necessary to support an award of punitive damages in an action for malicious prosecution. The District Court upheld this distinction by its affirmance.
In Duval Jewelry Company v. Smith, 102 Fla. 717, 136 So. 878 (1931), this Court stated the elements of malicious prosecution to be:
"(1) The commencement or continuance of an original civil or criminal judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff... ."
We also stated that the element of malice need not be proven directly, but may be implied or inferred from want of probable cause. In other words, it is not necessary to prove actual malice in order to recover for malicious prosecution; only legal malice is necessary, and this legal malice may be inferred entirely from a lack of probable cause.
An award of punitive damages also requires only proof of legal malice, not necessarily actual malice, and this is true whether the cause of action is for malicious prosecution, for some other tort, or for a breach of contract. With regard to punitive damages in general, this Court stated in Winn and Lovett Grocery Co. et al. v. Archer et al., supra:
"... Exemplary [punitive] damages are given solely as a punishment where torts are committed with fraud, actual malice, or deliberate violence or oppression, or when the defendant acts wilfully, or with such gross negligence as to indicate a wanton disregard of the rights of others... ."
Therefore, in any case, punitive damages may be awarded based upon legal malice which may be inferred from, among other things, gross negligence indicating a wanton disregard for the rights of others.
The rule was properly stated in Wrains v. Rose, supra, which also involved an action for malicious prosecution:
"Although malice is an essential element in malicious prosecution, deliberate violence or oppression are not prerequisites for assessment of exemplary damages in cases purely in tort where the wrongful act is such as to imply malice, or when from great indifference to persons, property or rights of others malice is imputable to the wrongdoer... ."
In City of Hollywood v. Coley, supra, the Fourth District Court was presented with the exact situation now before this Court. The Court correctly cited the rule from Wrains v. Rose, supra, but then erroneously substituted the words "actual malice" for the single word "malice". Nevertheless, the Court correctly applied the rule and held that a jury verdict awarding compensatory damages for malicious prosecution constituted a sufficient finding of malice to justify an award of punitive damages. The Court then reversed a trial court order setting aside the jury award of punitive damages.
We are of the opinion that the same result must be reached in the case sub judice as in City of Hollywood v. Coley, supra. We do not hold, however, that an award of compensatory damages in a malicious prosecution case will always support an award of punitive damages. As stated above, the legal malice necessary to *52 support an award of compensatory damages in such a case may be inferred solely from a want of probable cause; but the mere absence of probable cause for initiating prosecution may not be sufficient to imply the legal malice generally necessary for punitive damages. We do not find it necessary to reach that question in the instant case, for we are of the opinion that the evidence does support a jury determination that the respondents exhibited a wanton disregard for the rights of petitioner and, hence, an award of punitive damages.
Therefore, the District Court is reversed and this cause is remanded to the District Court with directions that it be further remanded to the trial court for entry of a judgment in accordance with the jury verdict.
It is so ordered.
ROBERTS, ERVIN, ADKINS and BOYD, JJ., concur.