475 So.2d 1010 (1985)
Robert R. MILLER, Appellant,
v.
Mark P. SULLIVAN, Patricia Sullivan, and Betty Hilgendorf, Appellees.
No. AZ-394.
District Court of Appeal of Florida, First District.
September 24, 1985.
*1011 Eilon Krugman-Kadi, Gainesville, for appellant.
Marvin W. Bingham, Jr., Gainesville, for appellees Sullivan.
Henry L. Gray, Jr., Gainesville, for appellee Hilgendorf.
ZEHMER, Judge.
Appellant appeals a final summary judgment in favor of appellees. We affirm in part and reverse in part.
Briefly stated, the facts show that appellees Mark and Patricia Sullivan placed their house on the market for sale and listed it with appellee Betty Hilgendorf, a licensed real estate broker. The area of the Sullivan house was represented in the listing agreement and the multiple listing service (MLS) book as having been "measured" at 1417 square feet. Appellant sought a house to purchase, employed the services of Edward Luce, a licensed real estate broker, and entered into a contract to purchase the Sullivan house. Appellant alleges he relied upon an MLS printout of the listing for the house that showed the square footage to have been measured at 1417 square feet. Luce had represented to appellant that this figure constituted the heated and cooled area of the house. Approximately one year after purchasing the house, appellant attempted to sell it and discovered that the heated and cooled area of the house actually comprised 1092 square feet. He further discovered that the tax rolls showed the square footage of the house to be 1092 square feet. The 1417 square-foot figure used on the MLS listing when appellant purchased the house included approximately 300 square feet of nonheated or noncooled space such as the garage and utility room.
Appellant filed a complaint against the Sullivans, Hilgendorf, and Luce. Miller sued Hilgendorf in three counts for breach of contract, fraud, and negligence. Two counts against the Sullivans alleged breach of contract and fraud. Three counts charged Luce with breach of contract, fraud, and negligence. The Sullivans and Hilgendorf moved for summary judgment as to all counts, which was granted by the trial court.
We affirm the summary judgment in favor of the Sullivans. There is no evidence that the Sullivans made any fraudulent or negligent representations regarding the correct square footage of their house or that 1417 square feet were heated and cooled. Likewise, there is no evidence that the listing agreement which represented the square footage at 1417 was incorporated in the contract for purchase and sale between the Sullivans and appellant. Summary judgment for the Sullivans was proper on all three counts.
With respect to appellee Hilgendorf, we affirm the summary judgment as to the breach of contract count, but reverse as to the fraud and negligence counts. The contract action is based on the purchase and sale agreement, which did not incorporate the allegedly inaccurate listing. The listing agreement, standing alone, did not constitute a contract upon which this action could be predicated.
The elements of fraud are as follows:
(1) A misrepresentation of material fact;
(2) Knowledge of the representor of the misrepresentation, or representations made by the representor without knowledge as to the truth or falsity thereof, or representations made under circumstances in which the representor should have known of the falsity thereof;
(3) An intention that the representor induce another to act on such representation; and

*1012 (4) Resulting injury to the party acting in justifiable reliance on the representation.
Alexander/Davis Properties, Inc. v. Graham, 397 So.2d 699 (Fla. 4th DCA 1981). To establish that Hilgendorf was negligent, appellant would have to prove that she breached her duty of "honesty, candor, and fair dealing" to appellant as the purchaser of the house. Ellis v. Flink, 301 So.2d 493 (Fla. 2d DCA 1974). The record reveals several disputed issues of fact bearing upon whether appellee was guilty of fraud or negligence in handling the real estate transaction. There is a factual dispute concerning whether the square footage figure on the MLS listing is understood in the real estate community to represent heated and cooled area or the total enclosed or covered area of a house. There is a dispute as to whether Hilgendorf, as listing agent, had a duty to double-check by measuring the square footage figure provided by the Sullivans. There is also an issue as to whether the representation in the listing agreement that the square footage had been "measured" means that such measurement had been made by the listing agent or simply by the seller. These disputed questions of fact preclude entry of summary judgment for Hilgendorf and require reversal of the summary judgment on counts 2 and 3 of the complaint.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BOOTH, C.J., and SHIVERS, J., concur.