523 So.2d 648 (1988)
WINN-DIXIE STORES, INC., Appellant,
v.
Gregory L. GAZELLE, Appellee.
No. BS-209.
District Court of Appeal of Florida, First District.
March 10, 1988.
*649 E.T. Fernandez III, of Coke, Myers & Schickel, P.A., Jacksonville, for appellant.
Harris Brown and Robert B. Guild of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
THOMPSON, Judge.
Winn-Dixie Stores, Inc. (Winn Dixie) appeals a judgment for compensatory and punitive damages in a malicious prosecution action. We vacate the judgment and remand.
Appellee, Gregory Gazelle, joined the Navy in March 1980 when he was 18 years old. Approximately six months later he married Lorena Mae Gazelle. Thirteen days after the marriage Gregory was transferred to Jacksonville and Lorena subsequently joined him. They initially lived at 7735 Townsend Boulevard and while living at that address Gregory and Lorena applied for Winn-Dixie check cashing cards. They had a joint checking account in the Jacksonville Navy Federal Credit Union in the name of "Mr. or Mrs. Gregory Lee Gazelle." On February 2, 1981 Gregory was transferred to Italy. While he was in Italy, Lorena wrote, without his knowledge, 10 checks to Winn-Dixie totaling over $860. On all but one she signed "Mr. Gregory L. Gazelle" and presented the checks with Gregory's check cashing card. All of the checks were returned by the credit union because of insufficient funds in the account. After the checks were returned, Winn-Dixie wrote Gregory on four separate occasions, once by certified mail, to inform him of the worthless checks. After receiving no reply and being unable to make direct contact with him, Winn-Dixie forwarded the ten checks, accompanied by the requisite affidavits, to the state attorney's office which prepared informations charging Gregory with nine counts of obtaining property in return for a worthless check based on the nine checks signed "Mr. Gregory L. Gazelle." A warrant was issued for Gregory's arrest. He was arrested in November 1982 and spent one week in jail. The state attorney's office eventually dropped all charges against him.
Winn-Dixie contends, inter alia, that the trial judge committed reversible error in denying its motion for directed verdict on the malicious prosecution action and that the facts were insufficient to support a claim for punitive damages. Although it might be arguable that there was not sufficient evidence of malice to warrant sending the case to the jury on the malicious prosecution action for compensatory damages, the fact remains that there was evidence of an absence of probable cause to bring the charges against Gazelle. Legal malice sufficient to form the basis for a malicious prosecution action may be implied or inferred from an absence of probable cause. Adams v. Whitfield, 290 So.2d 49 (Fla. 1974); Wilson v. O'Neal, 118 So.2d 101 (Fla. 1st DCA 1960). However, we can find no case holding that punitive damages may be awarded in a malicious prosecution action for legal malice implied from a want of probable cause. In Whitfield and Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722 (Fla. 1985) the supreme court specifically found the defendants were guilty of willful and wanton misconduct in approving a jury award of punitive damages.
The lower court erred in interpreting Whitfield as holding that legal malice based solely upon a lack of probable cause is always a sufficient basis for an award of punitive damages in a malicious prosecution action. The court also erred in instructing the jury that if it found for Gazelle on his malicious prosecution claim it could award punitive damages. This instruction was erroneous because of the court's prior instruction that Gazelle could recover on his malicious prosecution claim if Winn-Dixie was guilty of legal malice *650 and that legal malice could be inferred or implied from a want of probable cause. The instructions given the jury in the instant case would improperly allow an award of punitive damages in every malicious prosecution action in which compensatory damages are awarded because of a want of probable cause. Rather than supporting the instructions, the holding in Whitfield is contrary to the instructions. It is not necessary to prove actual malice in order to recover punitive damages in a malicious prosecution action. It is only necessary that legal malice be proved in order to recover compensatory damages in a malicious prosecution action and proof of legal malice may be, but is not always, a sufficient basis for recovery of punitive damages as well. As stated by the court in Whitfield:
An award of punitive damages also requires only proof of legal malice, not necessarily actual malice, and this is true whether the cause of action is for malicious prosecution, for some other tort, or for a breach of contract. With regard to punitive damages in general, this Court stated in Winn and Lovett Grocery Co. et al. v. Archer et al. [126 Fla. 308, 171 So. 214 (1936)], supra:

"... Exemplary [punitive] damages are given solely as a punishment where torts are committed with fraud, actual malice, or deliberate violence or oppression, or when the defendant acts wilfully, or with such gross negligence as to indicate a wanton disregard of the rights of others... ."
Therefore, in any case, punitive damages may be awarded based upon legal malice which may be inferred from, among other things, gross negligence indicating a wanton disregard for the rights of others.
290 So.2d at 51. In addition to indicating that the legal malice necessary to award punitive damages should be based on actions indicating a wanton disregard for rights of others, the court further held that legal malice will not always support an award of punitive damages:
We do not hold, however, that an award of compensatory damages in a malicious prosecution case will always support an award of punitive damages. As stated above, the legal malice necessary to support an award of compensatory damages in such a case may be inferred solely from a want of probable cause; but the mere absence of probable cause for initiating prosecution may not be sufficient to imply the legal malice generally necessary for punitive damages.
Id. at 51-52. Although the Supreme Court inferred that the mere absence of probable cause for initiating prosecution was not sufficient to imply the legal malice necessary for punitive damages, it did not decide that question because it found that the evidence supported a jury determination that the respondents exhibited a wanton disregard for the rights of the petitioner.
There is no evidence in the instant case to support a jury determination that Winn-Dixie exhibited a willful and wanton disregard for the rights of Gazelle. We therefore hold that the finding of legal malice based solely upon the want of probable cause in this case is insufficient to support an award of punitive damages. Actual malice, as distinguished from legal malice, is always a proper basis for the recovery of punitive damages in a malicious prosecution action. However, when legal malice is found to exist based solely upon the want of probable cause, as in this case, an award of punitive damages is improper. In White Construction Company, Inc. v. Dupont, 455 So.2d 1026 (Fla. 1984), the Supreme Court of Florida approved and reaffirmed the standard, set forth in Carraway v. Revell, 116 So.2d 16 (Fla. 1959), for determining whether evidence is sufficient to support an award of punitive damages:
The character of negligence necessary to sustain an award of punitive damages must be of a "gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless *651 disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them."
116 So.2d at 20 n. 12.
There is a total lack of evidence of any acts on the part of Winn-Dixie which indicate a willful and wanton disregard for the rights of others or of any of the other actions set forth by the court in Carraway as a sufficient basis for the award of punitive damages. The only evidence is that Winn-Dixie attempted to contact Gazelle four times at the address on his check cashing card without success. It sent him a notice by certified mail at the address on his check cashing card as authorized in § 832.07, Fla. Stat., and attempted to comply with the provisions of that law. It received no acknowledgment or reply to the certified letter but § 832.07 provides that a notice complying with the law is deemed equivalent to notice having been received by the maker, whether such notice shall be returned undelivered or not. Gazelle did not have a telephone and therefore did not have a telephone number on his check cashing card application nor did he report any of his subsequent changes of address to Winn-Dixie. These acts by Winn-Dixie are not willful and wanton misconduct. At most, it shows that Winn-Dixie was guilty of malice solely by reason of a lack of probable cause to prosecute and the court erred in failing to direct a verdict for Winn-Dixie on the punitive damage claim.
The judgment appealed is vacated and the cause is remanded with instructions to enter judgment for Gazelle in the amount of the verdict for compensatory damages and costs.
BOOTH and WIGGINTON, JJ., concur.