PER CURIAM.
This is an appeal by the defendants Helen E. Mrmich and Darko Mrmich from a final judgment entered upon an adverse jury verdict in a malicious prosecution action. We affirm the final judgment under review based on the following briefly stated legal analysis.
First, the trial court did not abuse its discretion, as urged, in denying the defendants’ motion to amend their answer to assert the affirmative defense of advice of counsel. The motion was made at the outset of the trial below after the action had been pending for nearly five years; no valid excuse was offered below for waiting this long period before deciding to “spring” this defense on the day of trial. Because the plaintiff would have been greatly prejudiced by this surprise defense, the trial court was well within its discretion in denying the motion to amend. Joseph T. Miller Constr. Co. v. Borak, 82 So.2d 147 (Fla.1955); Allett v. Hill, 422 So.2d 1047 (Fla. 4th DCA 1982), rev. denied, 434 So.2d 887 (Fla.1983); Thomas v. Sports Car Club of America, Inc., 386 So.2d 272 (Fla. 4th DCA 1980); Brown v. Montgomery Ward & Co., 252 So.2d 817 (Fla. 4th DCA 1971), cert. denied, 257 So.2d 561 (Fla.1972).
Second, the trial court did not commit reversible error, as urged, in denying the defendants’ motion for directed verdict at trial. The evidence adduced at trial indicated, without dispute, that the plaintiff Stova M. Switzer had not rented the trailer in question and had signed no contract to repair any damage to the trailer; this being so, there was no basis whatever for the defendants’ prior suit against the plaintiff for damages to the trailer which the defendants rented to the plaintiff’s son. It is true that the plaintiff did obligate himself to sign an agreement to pay for such damages, but, without dispute, no such agreement was ever forthcoming; indeed, there is evidence that the defendants were repeatedly warned by their real estate agent that such an agreement was required. This being so, jury questions were presented on the plaintiff’s malicious prosecution action as to the defendants’ lack of probable cause and malice in bringing the prior suit, and, therefore, the defendants’ motion for directed verdict was correctly denied. Winn-Dixie Stores, Inc. v. Gazelle, 523 So.2d 648 (Fla. 1st DCA 1988); Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940 (Fla. 3d DCA), rev. denied, 511 So.2d 299 (Fla.1987); Hooper v. Barnett Bank of *1310 West Fla., 474 So.2d 1253 (Fla. 1st DCA 1985), approved, 498 So.2d 923 (Fla.1986); Northwest Fla. Home Health Agency v. Merrill, 469 So.2d 893 (Fla. 1st DCA), rev. denied, 479 So.2d 118 (Fla.1985).
The final point has no merit and requires no discussion. The final judgment under review is, therefore, in all respects,
Affirmed.