719 So.2d 1226 (1998)
Edna Marie LOUIS and Jean Robert Louis, husband, Appellants,
v.
COSTCO WHOLESALE CORPORATION, Appellee.
No. 97-0032.
District Court of Appeal of Florida, Fourth District.
October 1, 1998.
Rehearing Denied November 20, 1998.
*1227 R. Stuart Huff and Mark L. Mallios of Law Offices of R. Stuart Huff, Coral Gables, and Peter Gregory, Boca Raton, for appellants.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for appellee.
WARNER, Judge.
After determining that there was no evidence that the appellee was liable for punitive damages, the trial court directed a verdict in favor of appellee in appellant's malicious prosecution case. After a jury verdict in appellant's favor, she appeals the court's order on the punitive damages claim. We affirm, rejecting the appellant's contention that the jury's finding of an absence of probable cause to arrest was sufficient to warrant punitive damages.
This case arises out of an alleged shoplifting incident at Costco in Palm Beach County. Appellant Louis, accompanied by her two children and her mother, went to Costco's store in Delray Beach to purchase two cans of tomatoes. Costco has a standard procedure of stationing an employee at the front entrance of each store to request to see customers' receipts for purchases as they exit. In accordance with this mandatory procedure, one of Costco's employees asked Louis to produce a receipt for her purchases, but she refused to stop, shaking her head "no" and continuing to walk out of the front entrance. Two employees followed her outside, and, in conjunction with two Costco supervisors, repeatedly requested to no avail that she produce either a receipt or a Costco membership card. When one of the supervisors showed Louis an example of a receipt, she said "I have no receipt."
Because Louis repeatedly ignored multiple requests to produce a receipt, the employees summoned the Delray Beach Police to the store to "come down and figure out exactly what was going on." Although the employees denied telling the officer that Louis had shoplifted, the officer testified that:
I have three people [Gibson, Butte, Cochran] that tell me this person stole from Costco; therefore, based on that alone, with Louis not being able to produce a receipt to prove that she paid, then I have no alternative but to, in fact, make an arrest. The store was willing to prosecute; they made that known to me that we do prosecute for retail theft; i.e., shoplifting.
He explained that the law permitted him to arrest Louis for retail theft, even though the crime was committed outside of his presence, if one representative from Costco stated that Louis had stolen the items; in this case he had three employees tell him that Louis had taken the merchandise. The officer placed Louis under arrest, handcuffed her and transported her to jail where she was released several hours later. The next day Costco notified the police department that it had checked its computer records and discovered that Louis had in fact paid for the merchandise. Subsequently, the prosecutor nolle prossed the charges against her.
At the close of the Louises' case, Costco moved for a directed verdict on all issues, including the issue of punitive damages for malicious prosecution. The trial court granted a directed verdict only on punitive damages. At the conclusion of the case, the jury returned a special interrogatory verdict finding in favor of the Louises on the malicious prosecution and conversion counts and awarded compensatory damages. By their special interrogatory verdict, the jury found that Costco "lacked probable cause to have Mrs. Louis arrested and prosecuted" and that Costco "converted property belonging to Mrs. Louis." The trial court entered a judgment in favor of the Louises on both counts.
In ruling on a motion for directed verdict, the court must construe all facts in evidence, and every reasonable conclusion or inference based thereon, in the light most favorable to the non-moving party. See Stringer v. Katzell, 674 So.2d 193, 195 (Fla. 4th DCA 1996), rev. denied, 698 So.2d 1225 (Fla.1997). Where the plaintiff makes a claim for punitive damages, the trial court must decide "at the close of evidence whether there is a legal basis for [the] recovery of *1228 punitive damages shown by any interpretation of the evidence favorable to the plaintiff." Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla.1978)(citing Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 222 (1936)).
Louis contends that because she proved the legal malice necessary to support her malicious prosecution action, as evidenced by the jury's finding that Costco lacked probable cause to arrest her, this finding was also sufficient to support an award of punitive damages. While an absence of probable cause can result in a finding of legal malice, legal malice, based solely on the absence of probable cause, is insufficient to support an award of punitive damages. See Jack Eckerd Corp. v. Smith, 558 So.2d 1060, 1063 (Fla. 1st DCA 1990). As the court stated in Jack Eckerd:
[i]n opposition to Eckerd's motion for a directed verdict, Smith argued to the trial court that the proof of malice required to make out a cause of action for malicious prosecution is also sufficient evidence of malice to permit a jury to award punitive damages as punishment. This is not necessarily true. Legal malice, which may be implied or inferred from an absence of probable cause, must be proved in order to recover compensatory damages in a malicious prosecution action, and such proof of legal malice may be sufficient for recovery of punitive damages as well, if it encompasses a showing of moral turpitude or willful and wanton disregard of the plaintiff's rights, which presupposes the defendant's knowledge or awareness of the risk to plaintiff's rights, or evidence of excessive and reckless disregard of the plaintiff's rights. Legal malice based solely upon the want of probable cause is not sufficient to support an award of punitive damages. Winn[-]Dixie Stores, Inc. v. Gazelle, 523 So.2d 648, 650 (Fla. 1st DCA 1988); and Harris v. Lewis State Bank, 482 So.2d 1378, 1385 (Fla. 1st DCA 1986).
Id. at 1063 (emphasis in original)(footnote omitted).
Louis also argues that because the employees of Costco told the arresting officer that she had walked out of the store without paying, their false statements constitute the necessary fraudulent or wanton conduct to warrant punitive damages. Punitive damages may be awarded where conduct of the defendant is "fraudulent, malicious, deliberately violent or oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of others." W.R. Grace & Co. v. Waters, 638 So.2d 502, 503 (Fla.1994). While the jury found a lack of probable cause, the store employees were confronted with a customer who refused to produce a receipt for goods purchased; continued out of the store; and, after repeated requests, told the employees that she had no receipt. We concur with the Jack Eckerd court, which concluded under analogous circumstances that such facts did not constitute evidence that the employees were being deliberately untruthful to the arresting officer or that they acted with reckless disregard of the truth. See 558 So.2d at 1064.
We find Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla.1994), distinguishable. In that malicious prosecution case, there was evidence that a rental company employee intentionally filed a false affidavit which was utilized as part of a probable cause affidavit to arrest Mancusi. See Alamo Rent-A-Car v. Mancusi, 599 So.2d 1010, 1011 (Fla. 4th DCA 1992). Because the court found that sufficient evidence had been produced from which a jury could infer that Alamo's employee made intentional false statements, the requisite level of gross conduct or willful and wanton disregard for plaintiff's rights was shown to justify punitive damages. By contrast, in the instant case, the evidence showed only that the employees concluded that because Louis could not produce a receipt for the goods in her possession, she had not paid for them; we cannot characterize this conclusion as the type of reckless or willful and wanton disregard for appellant's rights necessary for an award of punitive damages.
For the foregoing reasons we affirm the trial court's directed verdict on punitive damages.
OWEN, WILLIAM C., Jr., Senior Judge, concurs.
FARMER, J., dissents with opinion.
*1229 FARMER, Judge, dissenting.
In my opinion the statements of the store employees to the officer at the scene that plaintiff had stolen the merchandisebased solely on the lack of a cash register receipt and without any inquiry from the checkout clerksare sufficient evidence of the kind of malice necessary for an award of punitive damages. In Adams v. Whitfield, 290 So.2d 49 (Fla.1974), the court said:
"it is not necessary to prove actual malice in order to recover for malicious prosecution; only legal malice is necessary, and this legal malice may be inferred entirely from a lack of probable cause.

"An award of punitive damages also requires only proof of legal malice, not necessarily actual malice, and this is true whether the cause of action is for malicious prosecution, for some other tort, or for a breach of contract." [italics in original; emphasis supplied]
290 So.2d at 51. The court went on to explain the requirements for an award of punitive damages thus:
"punitive damages may be awarded based upon legal malice which may be inferred from, among other things, gross negligence indicating a wanton disregard for the rights of others.
"The rule was properly stated in Wrains v. Rose, supra,[[1]] which also involved an action for malicious prosecution:
`Although malice is an essential element in malicious prosecution, deliberate violence or oppression are not prerequisites for assessment of exemplary damages in cases purely in tort where the wrongful act is such as to imply malice, or when from great indifference to persons, property or rights of others malice is imputable to the wrongdoer....'
"In City of Hollywood v. Coley, supra,[[2]] the Fourth District Court was presented with the exact situation now before this Court. The Court correctly cited the rule from Wrains v. Rose, supra, but then erroneously substituted the words `actual malice' for the single word `malice'. Nevertheless, the Court correctly applied the rule and held that a jury verdict awarding compensatory damages for malicious prosecution constituted a sufficient finding of malice to justify an award of punitive damages. The Court then reversed a trial court order setting aside the jury award of punitive damages.
"We are of the opinion that the same result must be reached in the case sub judice as in City of Hollywood v. Coley, supra. We do not hold, however, that an award of compensatory damages in a malicious prosecution case will always support an award of punitive damages. As stated above, the legal malice necessary to support an award of compensatory damages in such a case may be inferred solely from a want of probable cause; but the mere absence of probable cause for initiating prosecution may not be sufficient to imply the legal malice generally necessary for punitive damages. We do not find it necessary to reach that question in the instant case, for we are of the opinion that the evidence does support a jury determination that the respondents exhibited a wanton disregard for the rights of petitioner and, hence, an award of punitive damages." [italics in original; emphasis supplied]
290 So.2d at 51-52; see also Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1357 (Fla.1994) ("Legal malice, if based on a showing of gross misconduct or willful and wanton disregard of a plaintiff's rights, is sufficient to support a punitive damage award. Adams, 290 So.2d at 51.").
I draw a distinction from these supreme court opinions in deciding whether to submit a claim for punitive damages to a jury, on the one hand, and whether a particular award of punitive damages by a jury is supported by sufficient evidence, on the other. As I read Adams, the evidence in this case was sufficient to establish legal malice because the store employees told the officers that plaintiff had stolen the merchandise without *1230 knowing whether she had stolen it or not.[3] That is shown by the fact that the jury here awarded compensatory damages for the malicious prosecution, and the majority do not find any problem with that finding. Under the above explanation of the supreme court, the jury might also have concluded (upon proper instruction) that the evidence also supported an award of punitive damages.
I think it was a jury question as to whether the conduct of the store employees evinced "a wanton disregard for the rights of [plaintiff]," and therefore it was error to grant the motion taking the punitive damages issue away from the jury.
NOTES
[1] Wrains v. Rose, 175 So.2d 75 (Fla. 2d DCA 1965).
[2] City of Hollywood v. Coley, 258 So.2d 828 (Fla. 4th DCA 1971).
[3] The only fact that these employees actually knew was that plaintiff either did not have, or would not produce, a receipt for the items she carried out of their store. I agree with the views expressed by Judge Zehmer in his dissenting opinion in Jack Eckerd Corp. v. Smith, 558 So.2d 1060, 1065 (Fla. 1st DCA 1990):

"Making a statement that is false when one does not have sufficient information to know whether the statement is either true or false amounts to a knowing misrepresentation that rises to the level of fraudulent conduct. Joiner v. McCullers, 158 Fla. 562, 28 So.2d 823 (1947); Saunders Leasing System, Inc. v. Gulf Cent. Distribution Center, Inc., 513 So.2d 1303 (Fla. 2d DCA 1987), review denied, 520 So.2d 584 (Fla.1988); Miller v. Sullivan, 475 So.2d 1010 (Fla. 1st DCA 1985). This is so because a person is assumed to know whether he has insufficient knowledge of the facts to assert the statement as true. Such fraudulent conduct is sufficient to make out a jury issue on punitive damages. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936); Walsh v. Alfidi, 448 So.2d 1084 (Fla. 1st DCA), reh'g denied, (1984). Similarly, false accusations causing one's arrest that are made without reasonable investigation to determine the factual basis for such accusations will support submitting the issue of punitive damages to the jury."
All of these statements apply with equal force to the present case.