367 So.2d 642 (1979)
Agnes LAIRD, Appellant,
v.
Josephine POTTER, L.B. Rohan, Jr., and Rohan and Rohan, Appellees.
No. 77-2601.
District Court of Appeal of Florida, Third District.
January 23, 1979.
Rehearing Denied March 5, 1979.
*643 Hal P. Dekle, Tallahassee, for appellant.
Lawrence G. Ropes, Jr., Coral Gables, for appellees.
Before HAVERFIELD, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
Plaintiff, Agnes Laird, appeals an order on post trial motions which granted defendants' motions for directed verdict and for remittitur in an action for conversion and malicious prosecution.
In 1972 defendant Josephine Potter purchased tax deeds to several houses owned and occupied by Agnes Laird, who instituted legal proceedings questioning Potter's right of possession. Prior to obtaining a judicial determination as to the validity of the deeds, Potter ousted Laird from possession by locking her out of the houses and had her personal property removed. While the action to determine the validity of the tax deeds was pending, Potter's attorney, codefendant L.B. Rohan, Jr., along with two other individuals signed a petition to have Laird adjudged incompetent. She was found competent and thereafter filed the *644 present suit seeking compensatory and punitive damages against Potter for conversion of her personal property, and defendants L.B. Rohan, Jr. and his law firm Rohan & Rohan for malicious prosecution arising out of the filing of the incompetency petition. The cause was tried by a jury which returned the following verdicts in favor of Laird: as against the defendant Potter,[1] $3,000 in compensatory damages and $30,000 in punitive damages; as against the defendants L.B. Rohan, Jr. and Rohan & Rohan,[2] $45,000 as compensatory damages and $30,000 as punitive damages. All defendants filed post trial motions attacking the sufficiency of the evidence to support the jury's verdicts. After a hearing the court struck the $30,000 punitive damage award against Potter on the ground that there was no evidence of malice or willful conduct sufficient to support this award. With respect to the law firm of Rohan & Rohan the court set aside both the compensatory and punitive damages awards on the ground that L.B. Rohan, Jr. in his individual capacity signed the petition to determine competency. Last, the court ordered a remittitur of $30,000 of the $45,000 compensatory damages and $20,000 of the $30,000 punitive damages rendered against L.B. Rohan, Jr. (or in the alternative a new trial) in that this verdict was excessive and against the manifest weight of the evidence. We reverse.
We first considered Laird's argument that the trial court erred in granting the motion of the law firm of Rohan & Rohan for judgment in accordance with motion for directed verdict. Despite any contentions to the contrary, our search of the record reflects that it is devoid of any motions made by Rohan & Rohan or any of the other defendants for directed verdict at the close of all the evidence and, therefore, the trial court was precluded from considering the post trial motions challenging the sufficiency of the evidence. See Fla.R.Civ.P. 1.480(b)[3] and 6551 Collins Avenue Corp. v. Millen, 97 So.2d 490 (Fla. 3d DCA 1957), cert. quashed, 104 So.2d 337 (Fla. 1958). Thus, the trial court erred in granting these post trial motions challenging the sufficiency of the evidence.
With respect to defendants Potter and L.B. Rohan, Jr. there are additional compelling reasons to reverse the herein appealed order on post trial motions.
The law is established that a motion for judgment in accordance with motion for directed verdict should not be granted when there is any reasonable evidence upon which a jury could legally predicate a verdict in favor of the nonmoving party. Tiny's Liquors, Inc. v. Davis, 353 So.2d 168 (Fla. 3d DCA 1977). There being sufficient evidence in the record as to malice on the part of Potter upon which the jury could have legally predicated its award of punitive damages, we conclude that the trial court erred in striking that award.
The governing law with regard to that portion of the order reducing the amount of compensatory and punitive damages *645 against L.B. Rohan, Jr., or in the alternative granting a new trial is that while such orders need not incant language to the effect that the verdict is against the manifest weight of the evidence or was influenced by considerations outside the record, the order must give reasons which will support one of these two conclusions so that it will be susceptible of appellate review. In other words, orders granting new trials should articulate the reasons so that the appellate courts may fulfill their duty of review by determining whether judicial discretion has been abused. Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978). Before orders for new trial may be entered as alternative to remittiturs, the record must affirmatively show the impropriety of the verdict or there must be an independent determination that the jury was influenced outside the record. Wackenhut, supra.
In the case at bar the trial court entered such an alternative order for new trial on the ground that the verdicts were against the manifest weight of the evidence with the result of passion or prejudice. When viewed in light of the above legal principles, this order is deficient in that it fails to set out which influences aroused the passion or prejudice of the jury and the reasons to support the bare conclusions that the verdicts are against the manifest weight of the evidence. Once the trial court determined at the close of the evidence that there was a legal basis for recovery of punitive damages and permitted the issue to go to the jury, the jury then had the discretion to award the damages and the amount thereof. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936). The trial court erred in granting a remittitur or in the alternative a new trial to L.B. Rohan, Jr. as the record failed to affirmatively demonstrate the impropriety of the verdicts and there was no reference or inference of any outside considerations which influenced the jury.
Accordingly, the order on pending post trial motions is reversed and the cause remanded to the trial court to reinstate the final judgment entered in accordance with the jury verdicts.
NOTES
[1] for the conversion
[2] for malicious prosecution
[3] "Rule 1.480. Motion for a Directed Verdict

"(a) Effect. A party who moves for a directed verdict at the close of the evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so and to the same extent as if the motion had not been made. The denial of a motion for a directed verdict shall not operate to discharge the jury. A motion for a directed verdict shall state the specific grounds therefor. The order directing a verdict is effective without any assent of the jury.
"(b) Reservation of Decision on Motion. When a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within ten days after the reception of a verdict a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict or if a verdict was not returned, such party may move for judgment in accordance with the motion for a directed verdict within ten days after the jury has been discharged."