559 So.2d 275 (1990)
Ruth AARON and Scott C. Mickler, Appellants/Cross Appellees,
v.
ALLSTATE INSURANCE COMPANY, Appellee/Cross Appellant.
Nos. 88-1962, 88-1978 and 88-1979.
District Court of Appeal of Florida, Fourth District.
March 28, 1990.
Rehearing, Clarification and Certification Denied May 3, 1990.
*276 Ronald Fitzgerald of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant/cross appellee-Ruth Aaron.
James J. Kenny and Thomas D. Hall of Kenny, Nachwalter & Seymour, P.A., Miami, Kirk R. Ruthenberg of Sonnenschein Carlin Nath & Rosenthal, Washington, D.C., and Duane C. Quaini and Steven M. Levy of Sonnenschein Carlin Nath & Rosenthal, Chicago, Ill., for appellee/cross appellant.
Gil Haddad and Gary Gerrard of Haddad, Josephs and Jack, Coral Gables and John R. Beranek of Aurell, Radey, Kinkle & Thomas, Tallahassee, for Scott C. Mickler.
PER CURIAM.
This is an appeal from the dismissal of a third amended complaint with prejudice and a cross appeal of certain discovery orders.
This appeal arises out of a personal injuries action. Ruth Aaron, the driver of a vehicle insured by Allstate, drove across the center line on the highway and struck, head-on, the Ford Bronco in which Scott Mickler was a passenger. Mickler was propelled from the back seat into the front seat of the Bronco and struck his head. As a result Mickler became a quadriplegic. Mickler sued Aaron and her insurance company, Allstate. He also sued Ford for negligent design of the Bronco. Subsequently Ford settled with Mickler at trial for $3,500,000. Allstate, apparently expecting Ford to be lead counsel at trial, was allegedly unprepared when Ford settled with Mickler. Mickler's suit against Allstate proceeded to trial and a verdict was returned in favor of Mickler in the amount of $16,500,000. In the final judgment the trial court set off Ford's settlement and the $17,500 Allstate policy limit and entered a judgment against Aaron for $12,982,500. Although the attorneys for Allstate advised the insurance company to appeal certain issues concerning whether or not a "seat belt defense" was available to Allstate, the insurance company declined to follow this legal advice. Allstate could have appealed the availability of the seatbelt defense in this case as it did, successfully, in Lafferty v. Allstate Insurance Company, 425 So.2d 1147 (Fla. 4th DCA 1983), reversed 451 So.2d 446 (1984).
Subsequently Mickler initiated an action against Allstate alleging that Aaron had assigned to Mickler her rights to a claim against Allstate for an improper or inadequate defense. The complaint alleged bad faith, negligence, breach of contract or fraud against Allstate in causing the entry of an excess judgment against Aaron. Allstate filed a motion to dismiss the complaint and argued, among other things, that Mickler could not bring the action because Aaron's cause of action was for legal malpractice and was not assignable. Allstate also argued that there was not a valid assignment because Mickler had not given Aaron a release in return for the assignment. The trial court dismissed the complaint. Mickler and Aaron appeal and Allstate cross appeals regarding a discovery question.
It is axiomatic that in reviewing an order dismissing a complaint for failure to state a cause of action the appellate court's scope of review is relatively narrow. The court merely looks to the four corners of the complaint to determine whether it states a cause of action. The court takes all well pleaded allegations therein as true. Sovran Bank, N.A. v. Parsons, 547 So.2d 1044 (Fla. 4th DCA 1988.)
In the instant case the initial question is whether Aaron could assign to Mickler her cause of action against Allstate for failure to provide an adequate defense. Although it is clear that a malpractice action *277 cannot be assigned to a third party, that rule is inapplicable here. Here the complaint alleged breach of contract, bad faith, negligence and fraud in causing the entry of the excess judgment. Florida courts have recognized that a cause of action, which is not based on a personal tort such as malpractice, may be assignable. In Selfridge v. Allstate, 219 So.2d 127 (Fla. 4th DCA 1969) this court ruled that an insured's cause of action against his insurer for wrongful failure to settle within policy limits was not based on a personal tort, and was therefore assignable. Similarly in the instant case the action for the amount of the judgment over the policy limits would also be assignable.
Allstate also argues that there could be no cause of action against it for bad faith because the performance of counsel and counsel's legal decisions regarding Aaron's defense were not within Allstate's control. However this argument must fail because, among other things, Allstate's claims manual provides for "exclusive right to control and conduct the defense" as long as the company has a financial interest in the case.
Next we address the question of whether either Aaron or Mickler could have a cause of action for inadequate defense. Allstate argues that while there is such a thing as a cause of action against an insurance company for "refusal to defend", there is no cause of action for "inadequate" defense. We reject this argument. Carrousel Concessions, Inc. v. Florida Insurance Guaranty Association, 483 So.2d 513 (Fla. 3d DCA 1986) acknowledges that the language of an insurance contract can give rise to a duty not only to defend, but to adequately defend.
Allstate also argues that the assignment was ineffective because Mickler failed to give consideration for the assignment by satisfying the judgment against Aaron or releasing her from the claim in exchange for the assignment. Mickler alleges that the consideration for the assignment was $15,000, a stay of execution in Georgia and a grant of Aaron's right to some attorney fees. We determine that this was sufficient to avoid a dismissal.
Based upon the record and arguments made during oral argument we are satisfied that the complaint contained sufficient allegations to state a cause of action sufficient to survive a motion to dismiss. For these reasons we reverse the trial court's dismissal of the complaint.
As to the cross appeal, the trial court allowed Mickler to discover all documents received or generated by Allstate relating to the initial case of Mickler v. Aaron. Allstate argues on appeal that this was a violation of the attorney/client privilege. We affirm the trial court's discovery orders because Mickler stands in the same position as Aaron in regard to discovery of Allstate's documents and those documents would have been discoverable by Aaron.
Main appeal REVERSED, Cross appeal AFFIRMED.
WALDEN, GUNTHER and GARRETT, JJ., concur.