ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
We grant appellee’s motion for rehearing and clarification[1] and substitute the following opinion for our February 6, 1991 opinion:
Appellant Kathy Kittredge seeks review of the trial court’s order which granted appellee Metropolitan Life Insurance Company’s motion to dismiss Count V of her amended complaint for failure to state a cause of action.
We reverse. Count V read, in part, that (1) appellee “recommended” that appellant go to a Dr. Stern for a life insurance examination, (2) appellee “knew or should have known” that Dr. Stern had assaulted other female patients, (3) appellee had a duty to inform appellant about Dr. Stern, (4) appel-lee negligently breached that duty by failing to so inform appellant, and (5) when appellant returned to Dr. Stern for treatment of an infection she suffered damages as a “direct and proximate result of the negligence.”
It is axiomatic that the well pleaded allegations of a complaint must be taken as true when a trial judge rules on a motion to dismiss for failure to state a cause of action. Aaron v. Allstate Ins. Co., 559 So.2d 275 (Fla. 4th DCA 1990). We conclude that the allegations of Count V taken as true do state a cause of action for negligence. Our analysis is confined to what appears within the four corners of the complaint. See Geer v. Bennett, 237 So.2d 311 (Fla.1970); Arnold v. Week, 388 So.2d 269 (Fla. 4th DCA 1980), rev. denied, 399 So.2d 1140 (Fla.1981). Whether the facts appellant actually proves can sustain her cause of action will be answered on another day.[2]
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
GUNTHER and GARRETT, JJ., and McNULTY, JOSEPH P., Senior Judge, concur.

. Appellee’s motion for rehearing and clarification reads: “The question before [this] court ... [is] whether [appellee] was entitled to prevail because, of the absence of proximate cause."

. We note that paragraph 29.A. of the complaint alleged that “Sometime before April 3, 1989, [appellee] recommended that [appellant] go to Dr. Stern” and paragraph 29.B. alleged that the negligent act took place on April 3, 1989. As alleged, one cannot tell if appellant’s appointments with Dr. Stern were separated by one day, one week, one month or one year. When the appointments took place in relation to each other will have a direct bearing on the proximate cause issue. We anticipate that a motion for summary judgment may give the trial court the opportunity to rule on this issue.
Also, if appellant cannot prove that appellee "knew” about Dr. Stern then the source of the information and the investigation necessary to discover the source will have a direct bearing on whether appellee "should have known.” Again, we anticipate that a motion for summary judgment may give the trial court the opportunity to rule on this issue too.