ANSTEAD, Judge.
We agree with the appellant, City of Fort Lauderdale, that the trial court erred in entering a judgment for the appellee, Byron Todaro, after the jury returned a verdict apparently exonerating the City under the provisions of section 768.28(9)(a), Florida Statutes (1989). We reverse and remand for a new trial-

PROCEEDINGS IN TRIAL COURT

Todaro sued the City for false arrest and other related torts arising out of his arrest and alleged mistreatment by a city police officer. Todaro’s complaint contained no allegations of malice against the officer or the City. The City answered, conceding the officer was acting in the course and scope of his employment with the City, but denying that the officer acted improperly.
During the course of the subsequent trial, some evidence was received indicating that the officer may have acted against Todaro with malice because of a personal dislike arising out of previous encounters. Upon the close of the evidence, the City asked the court to enter a directed verdict based upon the provisions of section 768.28(9)(a), which provide in part that a governmental employer shall not be liable for the acts of an employee “committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.” The court denied the motion.
At the instruction conference, the City asked the judge to charge the jury pursuant to the provisions of section 768.28(9)(a). To-daro objected on the grounds the section had not been previously invoked as a defense by the City. Nevertheless, although refusing to give any instructions, the trial court submitted a question to the jury, as the first question on the verdict form, which asked:
Do you find that the employee of the City of Fort Lauderdale, Officer James Dan-forth, acted in bad faith or with malicious purpose or in a manner exhibiting wanton and wilful disregard for human rights, safety or property?
Inexplicably, and despite requests by both parties, the trial court gave no instructions to the jury concerning section 768.28(9)(a), as to either its meaning or its effect, and no explanation was contained on the verdict form. The City suggested, without success, that the jury be told that if its answer to the first question was yes, it should go no further. The jury was also instructed to answer questions on each of Todaro’s causes of action on the same verdict form without regard to the answer to the first question.
The jury returned a verdict answering the first question affirmatively, but also finding the City liable on several of Todaro’s claims and assessing Todaro’s damages. Subsequently, the trial court, in spite of the jury’s findings effectively exonerating the City under section 768.28(9)(a), entered a final judgment for Todaro. Although the trial court acknowledged that the jury’s answer to the question concerning section 768.28(9)(a) would ordinarily require a judgment for the City, the court declared that it would be “manifestly unjust” to Todaro to enter such a judgment.

LAW AND ANALYSIS

On appeal, the City claims that it is entitled to a judgment based upon the jury’s findings concerning section 768.28(9). Section 768.28(9)(a) provides:
No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in *657 a manner exhibiting wanton and willful disregard of human rights, safety, or property. ... The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
In Richardson v. City of Pompano Beach, 511 So.2d 1121, 1123 (Fla. 4th DCA 1987), rev. denied, 519 So.2d 986 (Fla.1988), this court construed this statute to mean:
As this statute providing for governmental immunity in certain situations has evolved, it appears the governmental entity is liable for all torts, negligent ones and intentional ones alike, unless they are committed outside the course and scope of one’s employment or unless the actor was acting in bad faith or with a malicious purpose or in a manner exhibiting wanton and willful disregard of human rights,'safety, or property.
Initially, we note this section was not invoked by the City in its pleadings, in its pretrial statement, or even at trial until after the close of the evidence. Ordinarily, since this section permits an employer to avoid liability for its employee’s actions, it should be pleaded as an affirmative defense. However, as noted before, some evidence that the police officer acted with malice was presented at trial. Under those circumstances it may have been appropriate for the City to seek to amend its pleadings, under the theory that Todaro consented to the issue being tried by presenting evidence of the officer’s malice. In effect, this is what the City attempted to do by having the statute submitted to the jury. Importantly, however, the trial court never even mentioned this statute, its meaning, or its effect in its instructions to the jury. Neither did the parties’ lawyers explain or argue this matter to the jury. We are left only to wonder and speculate as to what the jury thought upon seeing the first interrogatory on the verdict form address an issue that had not been mentioned or explained to them. Perhaps the jury assumed this was just one of the requirements for holding the City liable for the officer’s mis--conduct.
We believe the trial court erred in the way it submitted this issue to the jury and the way the court treated the issue thereafter. Since there was some evidence presented on the issue during trial, the City may have been entitled to have the jury consider the statute. However, here the issue was not properly presented and the jury was not instructed on the issue. Perhaps some of the confusion can be attributed to the fact that the issue had not been raised prior to trial. We do not believe it would be fair to either party to let the judgment stand or to enter a judgment for the City. It would not be fair to the City to let the judgment stand, since it has apparently been established that the officer acted with malice. However, it would not be fair to Todaro to enter a judgment for the City, since he was entitled to have the jury properly instructed on the statute, and its effect, so that he could properly argue the issue, and so that the jury would understand what it was doing.

CONCLUSION

We conclude that the only fair way to resolve this matter is to direct a new trial on all issues. Upon remand the City will have an opportunity to amend its pleadings in order to assert the defense available to it under section 768.28(9)(a), and in any new trial, both sides should be prepared to squarely address the issue.
*658 Accordingly, we reverse and remand for a new trial.
HERSEY and PARIENTE, JJ., concur.