652 So.2d 869 (1995)
Nancy Grace RUSHING, Terri Ruth Carter, and Robert Stanley Stone as Next Friend of Tiffany Dawn Moore, a Minor, Appellants,
v.
Richard E. BOSSE, Charles, R. Chilton, and Sharit, Bunn, Chilton & Holden, P.A., Appellees.
No. 93-3588.
District Court of Appeal of Florida, Fourth District.
March 8, 1995.
*872 Patrick Dekle, Tampa, and Peter J. Grilli of Grilli and Cook, Tampa, for appellants.
Richard E. Bosse, pro se.
Matthew R. Danahy of Shofi, Smith, Hennen, Jenkins, Stanley & Gramovot, P.A., Tampa, for appellees  Chilton and Sharit, Bunn, Chilton & Holden, P.A.
PARIENTE, Judge.
This appeal involves the propriety of dismissing appellants' amended complaint alleging misconduct by the attorneys who instituted and continued a private adoption proceeding resulting in the minor child's removal from the state of Florida and from the care of her grandmother and great-grandmother for a ten-month period. The amended complaint consisted of four counts  professional negligence, malicious prosecution, civil conspiracy and intentional infliction of emotional distress.
In reviewing the propriety of dismissing the amended complaint, we confine our analysis to what appears within the four corners of the amended complaint, and must accept as true the well-pleaded allegations. Kittredge v. Metropolitan Life Ins. Co., 577 So.2d 999 (Fla. 4th DCA 1991); Aaron v. Allstate Ins. Co., 559 So.2d 275 (Fla. 4th DCA 1990); Vienneau v. Metropolitan Life Ins. Co., 548 So.2d 856 (Fla. 4th DCA 1989). The amended complaint alleged serious wrongdoing on the part of appellees, Richard A. Bosse (Bosse) and Charles R. Chilton (Chilton), both members of the Florida Bar and against Chilton's law firm (collectively, defendants), which caused the two-year old child to be taken from the care of her grandmother and great-grandmother, both of whom had essentially raised the child from birth, and placed out of state with the adoptive parents for a critical period of time. Chilton, in addition to acting as the attorney for the adoptive parents, also acted in the specific capacity as intermediary for the child's placement.
The amended complaint stated that Chilton improperly filed the petition for adoption and that both Chilton and Bosse wrongfully continued the adoption proceeding with knowledge of the harm that would be caused to the child. The amended complaint specifically alleged that, in filing the petition for adoption, Chilton counseled the adoptive parents, Dr. and Mrs. Patsner, to falsify Florida residency in order to circumvent section 63.185 and subsection 63.207(1)(b), Florida Statutes (1991), which prohibit adoptions by out-of-state residents. Further allegations of wrongdoing were that Chilton gave the mother a check for $1,500 to induce her to give him custody of the child, and that both Chilton and Bosse impermissibly gave the mother money labeled as "loans" and paid for hotel expenses. If proven, such behavior would be contrary to subsections 63.212(1)(d) and (f), Florida Statutes (1991).
Additional acts and omissions alleged in the amended complaint include the failure of Chilton to properly investigate prior to the filing of the adoption petition and the failure of both Chilton and Bosse to notify the child's natural father, grandmother or great-grandmother of the pending petition, even though both attorneys knew of their existence. Subsection 63.0425(1), Florida Statutes (1991), requires that when a child, who is to be placed for adoption, has lived with a grandparent for at least 6 months, the intermediary handling the adoption shall notify that grandparent of the pending adoption before the petition for adoption is filed.

PROFESSIONAL NEGLIGENCE (LEGAL MALPRACTICE)
Ordinarily, an attorney's liability for legal malpractice is limited to those with whom the attorney shares privity of contract. See Brennan v. Ruffner, 640 So.2d 143 (Fla. 4th DCA 1994). Defendants argue here, as they did to the trial court below, that legal malpractice is not cognizable in this case because no privity existed between the child and defendants giving rise to a duty owed by defendants to the child. However, despite defendants' protestations, a limited exception *873 to the privity requirement has been carved out where a plaintiff is an intended third-party beneficiary of an attorney's actions and it is the apparent intent of the client to benefit the third party. See Angel, Cohen and Rogovin v. Oberon Inv., N.V., 512 So.2d 192, 193-94 (Fla. 1987). We do not read Oberon as creating an exception to the privity requirement limited solely to the area of will drafting. See Greenberg v. Mahoney Adams & Criser, P.A., 614 So.2d 604 (Fla. 1st DCA 1993), review denied, 624 So.2d 267 (Fla. 1993). Although privity of contract may create a duty of care providing the basis for recovery in negligence, lack of privity does not necessarily foreclose liability if a duty of care is otherwise established. See Baskerville-Donovan Engineers, Inc. v. Pensacola Executive House Condominium Ass'n, Inc., 581 So.2d 1301, 1303 (Fla. 1991).
In this case, not only was the child the intended beneficiary of the adoption, but defendants were the attorneys for the adoptive parents, who evidently intended to benefit the child by adopting her. Compare Brennan. Since Chilton also served as an intermediary for the child, there were additional responsibilities that he owed directly to the child.[1] In this case, we are thus dealing with a private placement adoption through an intermediary.
Adoption proceedings are unique. In an adoption proceeding, the intended beneficiary of the proceeding is the child to be adopted. The Florida Supreme Court has recognized that an adoption pursuant to chapter 63, Florida Statutes (1985), is a civil proceeding intended to serve the best interests of the child.[2]Matter of Adoption of Doe, 543 So.2d 741 (Fla. 1989), cert. denied, 493 U.S. 964, 110 S.Ct. 405, 107 L.Ed.2d 371 (1989). In doing so, the court noted subsection 63.022(1), Florida Statutes (1987), which provides: "It is the intent of the Legislature to protect and promote the well-being of persons being adopted and their natural and adoptive parents and to provide to all children who can benefit by it a permanent family life." The supreme court found the legislature made its intent even more explicit by adding subsection 63.022(2)(l) which states: "In all matters coming before the court pursuant to this act, the court shall enter such orders as it deems necessary and suitable to promote and protect the best interests of the person being adopted." While a duty is imposed on the judiciary in making a decision regarding the best interests of the child, the attorney instituting and advancing the proceeding, and in particular, the attorney/intermediary, must also exercise due care to act in the child's best interests.
Because we hold that a cause of action for professional negligence against the attorney who institutes and proceeds with a private adoption proceeding does not require privity between the child and attorney, we reverse the dismissal of this count brought on behalf of the child. We specifically do not reach the issue, which has not been raised either before the trial court or on appeal, of the nature and extent of legally cognizable damages which could be recovered on the child's behalf as a result of defendants' actions.

MALICIOUS PROSECUTION
We also reverse the dismissal of the malicious prosecution count brought on behalf of the child, but affirm the dismissal of this count brought by the grandmother and great-grandmother. Defendants assert that the adoption proceeding was not technically "against" the child, relying on case law which *874 lists the first essential element of malicious prosecution to be, "(1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued." Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1355 (Fla. 1994); see also Wright v. Yurko, 446 So.2d 1162, 1165 (Fla. 5th DCA 1984). We first note that in listing the essential elements of the tort, the supreme court in Alamo relied on its prior opinions in Burns v. GCC Beverages, Inc., 502 So.2d 1217 (Fla. 1986) and Adams v. Whitfield, 290 So.2d 49 (Fla. 1974). In both Burns, 502 So.2d at 1218, and Adams, 290 So.2d at 51 (citing Duval Jewelry Company v. Smith, 102 Fla. 717, 136 So. 878 (1931)), the first essential element is stated to be that "(1) the commencement of an original civil or criminal judicial proceeding."[3] None of the earlier supreme court opinions nor prior opinions of this court hold that the plaintiff in the malicious prosecution action must be actually named as the defendant in the first proceeding, see supra note 3, although this would logically follow in most types of civil and criminal proceedings.
The essence of the tort of malicious prosecution is the misuse of legal machinery for an improper purpose. See S.H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757 (Fla. 1938). Actions for malicious prosecution initially were predicated only on the previous prosecution of criminal proceedings. 24 Fla.Jur.2d, False Imprisonment and Malicious Prosecution § 15 (Supp. 1994). Some jurisdictions still do not afford redress for malicious prosecution of a civil action, unless there has been a seizure of property, an arrest of the person or other special circumstances, id.; see also 52 Am.Jur.2d, Malicious Prosecution § 10. In Florida, however, an action for malicious prosecution of a civil action will lie even if there is no arrest or seizure. Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (Fla. 1926).
Although no case has dealt with malicious prosecution based on the prior institution of an adoption, there is no sound policy reason to exempt wrongfully filed adoption proceedings from the tort of malicious prosecution, especially where the damage the child is claimed to have suffered flows directly from the seizure of the child. The supreme court has acknowledged malicious prosecution actions in the context of a proceeding recognized as neither criminal nor civil  a proceeding to have a person declared insane, consequently restraining the person's liberty and committing the person to the care and custody of an institution. See Fisher v. Payne, 93 Fla. 1085, 113 So. 378 (Fla. 1927); Perez v. Rodriguez, 155 Fla. 501, 20 So.2d 654 (Fla. 1945). The person who is the victim of such a proceeding may maintain an action for malicious prosecution based on the institution of the unfounded proceeding. Fisher, 93 Fla. at 1094, 113 So. at 381. An action for malicious prosecution may also be brought against an attorney who has wrongfully filed an incompetency proceeding by the person who was the subject of the incompetency proceeding, even though the person is not named as a defendant and the purpose of the proceeding may theoretically be in that person's best interest. See, e.g., Laird v. Potter, 367 So.2d 642 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 347 (Fla. 1979). The improper initiation of these types of proceedings may result in the person's involuntary seizure and deprivation of liberty.
Here, by analogy, the effect of the institution and continuation of the adoption *875 proceeding was the child's involuntary seizure and removal from her home. The child is seeking redress for harm allegedly caused by her involuntary seizure resulting from the filing of the adoption petition. The amended complaint contained allegations that defendants commenced and continued the adoption proceeding, the subject of which was the child. The amended complaint also alleged that defendants initiated the proceeding, knowing it was baseless; advanced it after its baseless nature had been explicitly pointed out to them; and that defendants' actions had the effect of wrongfully removing the child from her home causing harm to the child.
We do not agree that as a prerequisite to stating a cause of action for malicious prosecution that, in the context of an adoption proceeding, it is necessary for the child to have been named as a defendant. The child was the actual subject of the adoption proceeding and was named in the caption. Even if the adoption proceeding is theoretically in the best interests of the child, the commencement and continuation of the adoption proceeding had the effect of removing the child from her home, allegedly resulting in harm. Allowing an action for malicious prosecution on behalf of the child for the initiation or maintenance of an adoption proceeding predicated on malice or the absence of probable cause provides an appropriate redress for this wrong.
We do, however, agree that the grandmother and great-grandmother in their individual capacities may not bring a separate malicious prosecution action. Even assuming the grandmother and great-grandmother were entitled to notice and affected by the outcome, they were neither the subject of the adoption proceeding nor was the adoption proceeding directed against them.
The other elements necessary to maintain a cause of action for malicious prosecution[4] were sufficiently pled for purposes of withstanding a motion to dismiss. For example, although malice must be pled, malice can be inferred from a lack of probable cause to institute the proceedings, which was adequately pled in this case. See Duval Jewelry Company v. Smith, 102 Fla. 717, 720, 136 So. 878, 880 (1931); Adams, 290 So.2d at 51; Mancusi, 632 So.2d at 1357. The fact that Chilton and Bosse are attorneys does not immunize them from a malicious prosecution action if the evidence establishes that they instituted a claim which a reasonable lawyer would not regard as tenable or unreasonably neglected to investigate the facts and law in making a determination to proceed, provided that as long as the other elements of a malicious prosecution are also proven. See Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412 (Fla. 4th DCA 1980), cert. denied, 388 So.2d 1119 (Fla. 1980).

CIVIL CONSPIRACY
We turn next to the count for civil conspiracy and affirm the dismissal. In order to plead a cause of action for civil conspiracy there must be an underlying independent wrong or tort. The only independent wrong appellants alleged in this case was a violation by defendants of Florida Rule of Judicial Administration 2.060(d).[5] However, *876 we reject appellants' contention that violation of this rule provides an independent wrong on which to base civil conspiracy. Compare Blatt v. Green, Rose, Kahn & Piotrkowski, 456 So.2d 949 (Fla. 3d DCA 1984). Additionally, absolute immunity would be afforded to any conduct by defendants occurring during the course of the adoption proceeding, regardless of whether the conduct involved a defamatory statement or other tortious behavior, including a violation of rule 2.060(d) because signing the petition for adoption and subsequent documents required for the proceeding has some relation to the adoption proceeding. Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606 (Fla. 1994).

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
As to the remaining count for intentional infliction of emotional distress, we also affirm the dismissal. The standard for reviewing the amended complaint to ascertain whether it states a cause of action for intentional infliction of emotional distress is whether the allegations on the face of the amended complaint would permit a jury to consider defendants' conduct as reckless and utterly outrageous in a civilized community. Scheller v. American Medical Intern., Inc., 502 So.2d 1268 (Fla. 4th DCA 1987), review denied, 513 So.2d 1060 (Fla. 1987), appeal after remand, 590 So.2d 947 (Fla. 4th DCA 1991), review dismissed, 602 So.2d 533 (Fla. 1992). We do not agree that the facts in this case approach those in Ford Motor Credit Co. v. Sheehan, 373 So.2d 956 (Fla. 1st DCA 1979), cert. dismissed, 379 So.2d 204 (Fla. 1979), where the credit company intentionally lied to the debtors by telling them that their child was in a serious accident for the sole purpose of inducing the debtors to disclose their whereabouts. Here, the child was brought to Chilton by her mother, who had legal custody of the child. While defendants may have failed to make a proper investigation and committed other improper acts listed in the amended complaint, there are no other facts pled to lead to a conclusion that defendants' actions would be deemed utterly outrageous to a civilized society.

CONCLUSION
Finally, we note that Chilton and Boose have attempted to insert in the record on appeal the Florida Bar Grievance proceedings on this matter which were successfully resolved in their favor and the transcript of a separate adoption proceeding brought by appellants subsequent to the adoption which generated this case. In reversing the order and allowing this case to go forward on causes of action for legal malpractice and malicious prosecution on behalf of the child against defendants, we express no opinion on the merits of the case and specifically disregard evidence of the Florida Bar proceedings and the transcript of the temporary custody hearing. This evidence was not before the trial court and would not properly be considered on a motion to dismiss, which tests only the well-pleaded allegations of the complaint. See, e.g., Merlin v. Boca Raton Community Hosp., Inc., 479 So.2d 236, 239 (Fla. 4th DCA 1985); see also Hopke v. O'Byrne, 148 So.2d 755 (Fla. 1st DCA 1963); Lewis State Bank v. Travelers Ins. Co., 356 So.2d 1344 (Fla. 1st DCA 1978). Accordingly, we will not at this time consider the effect of Chilton's and Bosse's Florida Bar proceedings as defensive collateral estoppel in this case. See Stogniew v. McQueen, 638 So.2d 114 (Fla. 2d DCA 1994), review granted, No. 83,881 (Fla. Dec. 1, 1994).
In conclusion, we reverse the dismissal of the counts for professional negligence and malicious prosecution brought on behalf of the child. We affirm the dismissal of the grandmother and great-grandmother's claim for malicious prosecution and the remaining counts, brought on behalf of the child and by *877 the grandmother and great-grandmother, for civil conspiracy and intentional infliction of emotional distress.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
WARNER and STEVENSON, JJ., concur.
NOTES
[1] An intermediary represents the adoptive parents and acts as an intermediary for the child's placement. See § 63.085(1)(f), Fla. Stat. (1991). After the court has entered an order preliminarily approving the adoption, the adoptive parents may file an adoption petition. See § 63.112, Fla. Stat. (1991). "For minors who have been voluntarily surrendered to an intermediary ... the intermediary shall be responsible for the child... ." § 63.052, Fla. Stat. (1991). Upon entry of the preliminary order, the intermediary ceases to be the child's guardian, the adoptive parents are the child's guardian, and the intermediary assumes a supervisory role. See §§ 63.122(1), 63.052(1), Fla. Stat. (1991).
[2] The phrase "best interests of the child," or its equivalent, appears throughout chapter 63 of the Florida Statutes. See §§ 63.022(1), 63.022(2)(l), 63.032(11), 63.062(1)(c), 63.092(1), 63.092(3)(a)4., 63.142(4), 63.162(1)(d)4, Fla. Stat. (1991).
[3] A similar statement of the first essential element is found in earlier Florida Supreme Court cases, see Buchanan v. Miami Herald Pub. Co., 230 So.2d 9 (Fla. 1969); Warriner v. Burdines, Inc., 93 So.2d 108 (Fla. 1957); Glass v. Parrish, 51 So.2d 717 (Fla. 1951); Ward v. Allen, 152 Fla. 82, 11 So.2d 193 (1943); S.H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757 (1938); Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (Fla. 1926), and in prior decisions of this court concerning malicious prosecution, see Dorf v. Usher, 514 So.2d 68 (Fla. 4th DCA 1987); Della-Donna v. Nova University, Inc., 512 So.2d 1051 (Fla. 4th DCA 1987); Johnson v. City of Pompano Beach, 406 So.2d 1257 (Fla. 4th DCA 1981); Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412 (Fla. 4th DCA), cert. denied, 388 So.2d 1119 (Fla. 1980); Burchell v. Bechert, 356 So.2d 377 (Fla. 4th DCA), cert. denied, 367 So.2d 1122 (Fla. 1978); Kelly v. Millers of Orlando, Inc., 294 So.2d 704 (Fla. 4th DCA 1974); Kest v. Nathanson, 216 So.2d 233 (Fla. 4th DCA 1968); see also 24 Fla.Jur.2d, False Imprisonment and Malicious Prosecution § 14 (Supp. 1994).
[4] To prevail in a malicious prosecution action, besides proving (1) the commencement or continuance of an original proceeding, the plaintiff must also prove: (2) its legal causation by the present defendant against the plaintiff; (3) its bona fide termination in favor of the plaintiff; (4) the absence of probable cause for such prosecution; (5) the presence of malice; and (6) damages conforming to legal standards resulting to the plaintiff. See Adams v. Whitfield, 290 So.2d 49, 51 (Fla. 1974) and Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412, 414 (Fla. 4th DCA 1980), cert. denied, 388 So.2d 1119 (Fla. 1980) and cases cited therein. Compare the essentially similar six elements listed in Alamo, 632 So.2d at 1355: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.
[5] Florida Rule of Judicial Administration 2.060(d), entitled "Pleadings to Be Signed," reads, in pertinent part:

Every pleading and other paper of a party represented by an attorney shall be signed by at least 1 attorney of record in that attorney's individual name whose address, telephone number, including area code, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida or who shall have received permission to appear in the particular case as provided in subdivision (b)... . The signature of an attorney [on a pleading] shall constitute a certificate by the attorney that the attorney has read the pleading or other paper; that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay... .