PER CURIAM.
We reverse the trial court’s dismissal of American Chambers’ cross claim against its agent, James Power. Looking solely at the four corners of the document, American Chambers’ cross claim sufficiently stated a claim for indemnity against Power. See Rushing v. Bosse, 652 So.2d 869, 872 (Fla. 4th DCA 1995) (when reviewing the propriety of an order dismissing a complaint, the court must confíne its analysis to what appears within the’ four corners of the complaint, and must accept as true the well-pleaded allegations).
We note that this cause of action against Power may extend only to damages arising out of American Chambers’ contractual liability to its insured, incurred as a result of unauthorized acts and fault of the agent. Indemnity may not be sought for damages *684 awarded the insureds for the subsequent bad faith conduct of American Chambers. See Safecare Medical Ctr. v. Howard, 670 So.2d 1020 (Fla. 4th DCA 1996) (one seeking indemnity must be utterly without fault). See also, Cox Cable Corp. v. Gulf Power Co., 591 So.2d 627 (Fla.1992) (where an indemnification agreement does not clearly and unequivocally express an intent to indemnify a party for its own negligence, it will not be enforced).
GLICKSTEIN, STONE and WARNER, 33., concur.