In re ROCKY MOUNTAIN TRUCKING CO., INC., Debtor.

Bruce C. BERNSTEIN, Trustee, Plaintiff,

v.

R.C. WILLIAMS, INC.; B.F. Walker, Inc.; B & M Service, Inc.; Northwestern Colorado Pipe & Storage Co.; Sunco Trucking, Inc.; Target Trucking, Inc.; and Public Utilities Commission of the State of Colorado, Defendants.

Civ. A. No. 84–Z–1139.
Bankruptcy No. 82 B 2378 M.
Adv. No. 83 M 2002.

United States District Court, D. Colorado.

April 2, 1985.

Bruce C. Bernstein, Denver, Colo., for debtor.

John E. Archibold, Special Asst. Atty. Gen., Public Utilities Com'n of the State of Colo., Denver, Colo., for defendant Public Utilities Com'n of the State of Colo.

## MEMORANDUM OPINION AND ORDER

WEINSHIENK, District Judge.

This matter was before the Court for oral argument on March 6, 1985, at which time the Court took this matter under advisement. On March 15, 1985, the Court rendered its oral decision, reversing the decision of the bankruptcy judge and remanding this action to the Bankruptcy Court for further proceedings. This Memorandum Opinion and Order is issued pursuant to that ruling.

The facts of this bankruptcy appeal are essentially undisputed. The debtor, Rocky Mountain Trucking Co., is the owner of a Certificate of Public Convenience and Necessity (Certificate), which authorized it to provide state-wide services as a common carrier. The debtor filed for Chapter 11 relief on May 28, 1982, and this was later converted to a Chapter 7 proceeding. Up until the time of filing, Rocky Mountain Trucking was still operating pursuant to its Certificate, ceasing operations only when its trucks and equipment were repossessed. The trustee arranged, through an auction, the sale of debtor's Certificate for $60,000 pending approval by the Public Utilities Commission (P.U.C.). A transfer application was then filed with the P.U.C., seeking to transfer the Certificate to the buyer, Flint Engineering and Construction Company. Appellant filed a Complaint in Bankruptcy Court against several defendants, including the P.U.C., seeking declaratory

and injunctive relief as well as damages. Appellant alleged that application of Rule 2 of the Public Utilities Commission Rules and Regulations Governing Common Carriers violates the Code's automatic stay provision, 11 U.S.C. § 362(a), if applied so that the P.U.C. can consider appellant's post-petition non-use of the Certificate. In pertinent part, Rule 2 provides as follows:

> (d) ... Applicants for a transfer of operating rights must further establish that:
>
>> (2) The transferor has been, and now is engaged in, bona fide common carrier operations under such operating rights, except as such rights may have been suspended by the Commission; and further, that said rights or any part thereof have not been abandoned or allowed to become dormant;

Alleging that such consideration would probably preclude the transfer of the Certificate, plaintiff moved for Partial Summary Judgment as to this issue. The motion was granted as to other defendants, but denied as to the P.U.C., the Bankruptcy Court refusing to enjoin the P.U.C. from considering any of its rules, regulations or statutes, and dismissing it from the action. Appellant appeals this decision.

■ Section 541(a) of the Bankruptcy Code, 11 U.S.C. § 541(a), provides that the "estate is comprised of all the following property, wherever located: ... all legal or equitable interests of the debtor in property as of the commencement of the case." The scope of this paragraph is broad, including tangible and intangible property and causes of action. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204–205, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983). While the bankruptcy judge did not discuss the applicability of this provision, it must be assumed that he considered the Certificate to be part of the estate. This Court agrees that the certificate is property belonging to the estate.

■ The automatic stay provision of the Bankruptcy Code covers "any act to obtain possession of property of the estate or of property from the estate;" 11 U.S.C. § 362(a)(3). This Court concludes that the bankruptcy judge erred in holding that the stay provision of the Code was inapplicable. Consideration of post-petition non-use of the Certificate in the determination of whether the Certificate is now dormant is an act to obtain property of the estate, and is therefore stayed. Several decisions support this result: *In Re Island Club Marina, L.T.D.*, 38 B.R. 847 (Bankr.N.D.Ill. 1984); *In Re ERA Central Regional Services, Inc.*, 39 B.R. 738 (Bankr.C.D.Ill. 1984); *Matter of IDH Realty, Inc.*, 16 B.R. 55 (Bankr.E.D.N.Y.1981).

In so ruling, the Court agrees with the principle stated in *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), that property rights are created and defined by state law. Contrary to the argument of appellee P.U.C., the Court is not creating any new property rights. Rather, the Court is protecting those rights that the debtor had, by virtue of state law, at the commencement of the bankruptcy case when the automatic stay went into effect.

Additionally, the Court concludes that the debtor was not compelled to file an application for suspension. In part the Court reaches this conclusion based on the perfunctory nature of such an application. However, the Court further holds that such a requirement violates the broad protection afforded the debtor under the federal bankruptcy laws. Thus, in the words of the *Butner* court, the federal interest involved here "requires a different result." *Id.* at 55, 99 S.Ct. at 918.

The Court further notes that, while the bankruptcy judge indicated that the § 362(b)(4) exception was not before him, it appears that he decided it anyway, and there exists no need to remand for consideration of this issue. The Court agrees that this exception should be narrowly construed and is inapplicable here. Accordingly, it is

ORDERED that the Public Utilities Commission shall not consider post-petition non-use of the Certificate in determining

whether it is dormant, nor shall it consider the fact that the debtor failed to file an application for suspension. The Public Utilities Commission may consider all other relevant factors. It is

FURTHER ORDERED that the decision of the bankruptcy judge is reversed, and this cause is remanded for further proceedings relating to the liquidation of the estate.