The **BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ARCHULETA, et al., Plaintiffs,**

v.

**FAIRFIELD COMMUNITIES, INC., et al., Defendants.**

No. 90–C–1584.

United States District Court, D. Colorado.

Dec. 12, 1990.

Gerald L. Bader, Jr., Randolph S. Dement, Denver, Colo., Samuel H. Cassidy, Milton L. Zentmyer, Pagosa Springs, Colo., for plaintiffs.

James M. Lyons, Paul J. Zylstra, Denver, Colo., Keith Newbold, Durango, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiffs, the Board of County Commissioners of Archuleta County, Colorado (the board) and the Pagosa Lakes Property Owners Association, commenced this breach of contract action in the state district court for Archuleta County, Colorado, against Fairfield Communities, Inc. (Fairfield) and Fairfield Pagosa, Inc. (Pagosa). In 1983, Fairfield purchased Eaton International Corporation (Eaton), and changed its name to Fairfield–Eaton, Inc. Later that year, its name was again changed to Fairfield Pagosa, Inc. Pagosa is Fairfield's wholly owned subsidiary.

In 1973, the board and Eaton entered into an agreement under which Eaton agreed to construct public improvements in connection with its development of several subdivisions in Archuleta County, Colorado (the Pagosa subdivisions). Eaton agreed to grade, gravel and pave the streets in and around the Pagosa subdivisions. Plaintiffs allege that the defendants assumed and subsequently failed to perform these contractual obligations. Plaintiffs seek damages for the alleged breach of contract and specific performance of the contractual obligations.

Pursuant to 28 U.S.C. § 1446(a), the defendants removed the case to this court.

On October 3, 1990, the defendants filed a voluntary petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code. Accordingly, on October 22, 1990, this court stayed all proceedings in this district court action. 11 U.S.C. § 362(a). Asserting that the automatic stay does not apply to its attempt to enforce the contract, the board has moved for reconsideration of the October 22, 1990 order.

The parties have fully briefed the issues and oral argument would not materially assist the decision process. Subject matter jurisdiction is alleged to exist under 28 U.S.C. § 1332.[1]

When a debtor files a petition for bankruptcy protection under 11 U.S.C. §§ 301, 302 or 303, most efforts by creditors to recover on their claims against the debtor or the debtor's estate are automatically stayed. 11 U.S.C. § 362(a). Governmental units, such as the board, generally are subject to this automatic stay.

However, a governmental unit commencing or continuing an action or proceeding to enforce its "police or regulatory power," is excepted from operation of the stay. 11 U.S.C. § 362(b)(4). Therefore, if this action is an attempt by the board to enforce its police or regulatory powers, it is exempted from the stay and the board's motion should be granted.

Because § 362(b)(4) does not define "police or regulatory power," courts have had difficulty determining which actions are stayed and which may proceed. The legislative history of § 362(b)(4) is helpful in making this determination. Congress intended that § 362(b)(4) apply exclusively to actions enforcing generally applicable regulatory laws governing a debtor's behavior:

"[W]here a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the

action or proceeding is not stayed under the automatic stay." S.Rep. No. 989, 95th Cong., 2d Sess. 52 (1978), U.S.Code Cong. & Admin.News, pp. 5787, 5838. When Congress enacted § 362(b)(4), it intended the exception to be construed narrowly "in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate." 12 Cong.Rec. H11, 092 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards).

In opposing the motion, the defendants rely on *In re Corporacion de Servicios Medicos Hosp.*, 805 F.2d 440 (1st Cir.1986). In that case, the debtor, a private corporation, contracted with the Commonwealth of Puerto Rico's Department of Health (the department) to operate a hospital. Because the debtor was not meeting its contractual obligations, the department filed suit to rescind the contract. Less than two months later, the debtor filed a petition for reorganization under Chapter 11 of the Bankruptcy Code.

The First Circuit examined § 362(b)(4)'s legislative history and concluded that

"Nowhere is it mentioned that section 362(b)(4) permits government agencies to enforce *contractual* rights against debtors without first seeking relief from the automatic stay. Nor has appellant cited any cases holding that actions by a governmental agency to enforce contractual rights, even if related to the agency's regulatory power, are exempt from the automatic stay." *Id.* at 445 (emphasis in original).

Thus, that court held that "an action by a governmental unit to enforce *contractual* rights is not exempt from the provisions of the automatic stay by virtue of section 362(b)(4)." *Id.* at 447 (emphasis in original).

 The instant case is very similar to *In re Corporacion de Servicios.* The County board here seeks to enforce a contractual right related to its police powers. Nothing in the legislative history of § 362(b)(4), or in any case cited by the board is sufficiently persuasive to overcome Congress' directive that § 362(b)(4) be construed narrowly. Therefore, I conclude that because this action, in essence, is an attempt to enforce contractual rights, § 362(b)(4) is inapplicable and the action must be stayed.

Accordingly, IT IS ORDERED that:

(1) Plaintiffs' motion for reconsideration is denied;

(2) All proceedings in this action are stayed pending further order of this court; and

(3) Each party shall bear its own costs.