In re YELLOW CAB COOPERATIVE
ASSOCIATION, Debtor.

COLORADO PUBLIC UTILITIES
COMMISSION, et al.,
Appellants,

v.

YELLOW CAB COOPERATIVE
ASSOCIATION, Debtor–
Appellee.

Civil A. No. 96–AP–256.
Bankruptcy No. 93–23773 DEC.
Adv. No. 95–1604 DEC.

United States District Court,
D. Colorado.

Feb. 23, 1996.

Neil L. Tillquist, Assistant Attorney General, Denver, CO, for appellants.

E. Hil Margolin, Denver, CO, for debtor-appellee.

## ORDER GRANTING PUC'S MOTION FOR STAY PENDING APPEAL

KANE, Senior District Judge.

The Colorado Public Utilities Commission (PUC) appeals from an order of the bankruptcy court permanently enjoining it from enforcing a regulatory decision affecting property of the bankruptcy estate. The court determined enforcement of the decision would permit the government to "exercise control" over the property of the estate in violation of the automatic stay imposed by § 362(a)(3) of the Bankruptcy Code, or, in the alternative, that enforcement is of insufficient public interest to warrant exempting the PUC's action from the automatic stay under § 362(b)(4). PUC asserts this determination was in error and appealed. The bankruptcy court denied PUC's request for stay pending appeal, which motion was reasserted in this court and is now before me for consideration. I find PUC has met the conditions for obtaining a stay, and grant the motion.

## I. JURISDICTION AND APPLICABLE LEGAL STANDARDS

 Orders granting or denying relief from the Code's automatic stay provisions are appealable final orders. *Eddleman v. United States Dept. of Labor*, 923 F.2d 782, 784 (10th Cir.1991). Appeals from such orders are taken in the same manner as those in civil proceedings are taken to the circuit courts of appeal. *See* 28 U.S.C. § 158(c)(2). Accordingly, I look to Fed.R.Civ.P. 62 and Fed.R.App.P. 8 to determine the standards applicable to requests for stay pending appeal.

■ The test for obtaining a stay pending appeal is the same as that for an injunction in this circuit. To obtain a stay, the movant must establish: (1) a likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to the opposing party; and (4) the public interest is not adverse to the stay. *Securities Investor Protection Corp. v. Blinder, Robinson & Co.*, 962 F.2d 960, 968 (10th Cir.1992). The bankruptcy court in this case determined PUC had "failed to meet [its] burden of proof for issuance of a stay pending appeal," but provided no other explanation for the denial. Accordingly, I review PUC's request *de novo*.

■ In essence, the four-part test requires the party seeking a stay to demonstrate that the injury it would sustain if the stay did not issue outweighs the harm the stay would cause the party opposing the stay. *Autoskill Inc. v. National Educ. Support Sys., Inc.*, 994 F.2d 1476, 1498 (10th Cir. 1993). Where the moving party has established the three "harm" factors—irreparable harm to the movant, absence of harm to the opposing party, and lack of injury to the public interest—the "likelihood of success" requirement is relaxed somewhat. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980). Under those circumstances, likelihood of success is shown when the plaintiff has raised "questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry." *United States ex rel. Citizen Band Potawatomi Indian Tribe v. Enterprise Management Consultants, Inc.*, 883 F.2d 886, 889 (10th Cir.1989)

## II. *BACKGROUND*

As part of the bankruptcy proceedings below, Debtor Yellow Cab Cooperative Association ("Yellow Cab") negotiated a sale of its assets to Taxi Associates, Inc. ("Taxi Associ-

ates"). Yellow Cab's assets included various certificates of authority issued by the PUC pursuant to which Yellow Cab provided taxi services. The certificate at issue in this appeal, No. 2378 & I, authorized Yellow Cab to operate 600 taxi cabs in the Denver-metropolitan area. Over the last five years, however, Yellow Cab has operated only 300 taxi cabs under Certificate No. 2378 & I.

Because the sale involved the sale of PUC operating certificates, the bankruptcy court directed Yellow Cab and Taxi Associates to apply to the PUC for approval of their transfer. While the proceedings before the PUC were pending, Yellow Cab initiated an Adversary Proceeding in bankruptcy, seeking both a preliminary and permanent injunction to enjoin PUC staff from arguing before the PUC for anything less than a full transfer of Yellow Cab's authority under Certificate No. 2378 & I. By order dated November 7, 1995, the bankruptcy court denied the motion for preliminary injunction, finding the PUC staff was exempt under § 362(b)(4) from the automatic stay.[1] The bankruptcy court reaffirmed its position when it denied Yellow Cab's motion for reconsideration on November 17, 1995.

On December 13, 1995, the PUC issued a written decision prohibiting Yellow Cab from transferring operating authority under No. 2378 & I in excess of the 300 taxi cabs it was operating at the time (the "Transfer Decision").[2] The PUC found other carriers had enlarged their fleets in reliance on Yellow Cab's reduced use, and concluded the unused authority under No. 2378 & I had become dormant. Transfer Decision at 18–20. The Commission further found that any transfer of Yellow Cab's full operating authority under the certificate would "result in damage to the public interest by causing destructive competition." *Id.* at 23.

---

**1.** A petition filed in bankruptcy operates to stay, *inter alia*, any "judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case," 11 U.S.C. § 362(a)(1), as well as "any act to obtain possession of property of the estate or to exercise control over property of the estate." *Id.* § 362(a)(3). For actions described under sub-

section (a)(1), however, action "by a governmental unit to enforce [its] police or regulatory power" will "not operate as a stay...." *Id.* § 362(b)(4).

**2.** A copy of the Transfer Decision is attached at Tab 2 to PUC's Motion for Stay.

Trial was held on Yellow Cab's motion for permanent injunction on January 22, 1995. In a reversal of the position taken in its November 7 decision, the bankruptcy court granted Yellow Cab's motion for permanent injunction. The court ruled PUC could not enforce the December 13 Transfer Decision because it had the effect of "controlling" property of the estate in contravention of Code § 362(a)(3).[3] Assuming, *arguendo*, that the § 362(b)(4) exception for regulatory entities did apply, the court concluded that there was insufficient public interest involved to warrant its application in this case. By order dated February 8, 1996, the bankruptcy court directed the PUC to authorize Yellow Cab "forthwith" to transfer its total operating authority under Certificate No. 2378 & I of 600 vehicles to Taxi Associates. PUC complied that same day.

## III. *DISCUSSION*

■ In evaluating PUC's request for stay pending appeal, I consider first the relative balance of harm. I note the stay sought by the PUC will preserve the status quo in that Taxi Associates will be permitted to operate no more than the 300 cabs operated by Yellow Cab during the pendency of the appeal. Based on the findings made by the PUC in its December 13 Transfer Decision, I find a stay will avoid "destructive competition" in the local taxi cab market and that it is therefore not adverse to the public interest. While a stay will harm Yellow Cab in the sense that it temporarily prevents Yellow Cab from transferring its pre-December authority under Certificate No. 2378 & I, that harm is outweighed by the harm to the PUC[4] and the public if the stay does not issue.

Because I find PUC has established irreparable harm to the movant, absence of harm to the opposing party, and lack of injury to the public interest, I may consider the "likeli-

hood of success" requirement under the more relaxed standard set forth in *Potawatomi Indian Tribe,* 883 F.2d at 889. Under any standard, however, I find PUC has met this final requirement.

The purpose and effect of the § 362(b)(4) exception from the automatic stay in bankruptcy was considered carefully by the Tenth Circuit in *Eddleman,* 923 F.2d at 785–86, 790–91. There, the court rejected an argument that the exception not apply to governmental actions that conflict with the bankruptcy court's control over the debtor's assets. *Id.* at 790. "Under the plain language of the statute," the court held, "governmental action must simply be taken for the purpose of exercising 'police or regulatory' power in order to qualify for the exemption." *Id.*

■ Realizing that "[n]ot every agency action against a debtor can be characterized as one that enforces 'police or regulatory power,' " the Tenth Circuit in *Eddleman* adopted the "pecuniary purpose" and "public policy" tests for considering the applicability of § 362(b)(4). 923 F.2d at 791. Under the former, the court asks whether the government's proceeding relates primarily to the protection of the government's pecuniary interest in the debtor's property and not to matters of public policy. *Id.* Under the latter, the court distinguishes between proceedings aimed at effectuating public policy from those aimed at adjudicating private rights. *Id.* Actions taken for pecuniary or private interests are not excepted from the stay. *Id.* The PUC action at issue in this case appears clearly to have been aimed at effectuating public policy.

Based on the limited record before me on PUC's Motion for Stay Pending Appeal, I conclude PUC has raised substantial questions going to the merits of the appeal sufficiently serious to warrant the granting of a

---

3. Section 362(a)(3) provides that a petition filed in bankruptcy will operate to stay "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The exception for actions by governmental entities to enforce their "regulatory power" of 362(b)(4) does not apply to § 362(a)(3).

4. The denial of the stay will nullify the PUC's December 13 Transfer Decision and effectively moot PUC's appeal of the bankruptcy court's January 26, 1996 permanent injunction order; Yellow Cab would be permitted to transfer authority under Certificate No. 2378 & I that the PUC has determined Yellow Cab no longer has.

stay. *See Potawatomi,* 883 F.2d at 889. Accordingly,

PUC's Motion for Stay Pending Appeal filed February 16, 1996 is GRANTED. The bankruptcy court's January 26, 1996 order permanently enjoining PUC from enforcing its Decision No. C95–1260, dated December 13, 1995, will be stayed pending appeal.