### In re YELLOW CAB COOPERATIVE ASSOCIATION.

### COLORADO PUBLIC UTILITIES COMMISSION, et al., Appellants,

#### v.

### YELLOW CAB COOPERATIVE ASSOCIATION, Appellee.

Civil Action No. 96–K–256.
Bankruptcy No. 93–23733 DEC.
Adversary No. 95–1604 DEC.

United States District Court,
D. Colorado.

Sept. 12, 1996.

Elfrem Hil Margolin, E. Hil Margolin, P.C., Denver, CO, for Yellow Cab Cooperative Association.

Charles B. Hecht, Robert W. Nichols, Nichols & Hecht, LLC, Denver, CO, Jan L.

Hammerman, Englewood, CO, for Metro Taxi, Inc.

Neil Tillquist, Attorney General's Office, Denver, CO, for Bruce Smith, Leland Smith, Philip–Smith, Ronald Jack, Gray Gramlick, Gordon King, West Twomey, Bob Laws, Colorado Public Utilities Commission, Robert J. Hix, Vincent Majkowski, and Christine E.M. Alvarez.

James Allen Beckwith, James A. Beckwith Law Office, Arvada, CO, for Colorado Transportation, Inc.

## MEMORANDUM DECISION ON APPEAL

KANE, District Judge.

The Colorado Public Utilities Commission (PUC) appeals from a January 26, 1996 order of the bankruptcy court permanently enjoining it from enforcing its December 13, 1995 decision to reduce the operating authority of debtor Yellow Cab Cooperative Association ("Yellow Cab") under its Certificate of Public Convenience and Necessity (CPCN) (the "Transfer Decision"). The Transfer Decision was the product of Yellow Cab's administrative request for approval for its sale of the CPCN to Taxi Associates, LLC ("Taxi Associates"). The bankruptcy court found the Transfer Decision to be of insufficient public interest to warrant an exemption from the automatic stay under § 362(b)(4). Because the § 362(b)(4) exception did not apply, the court concluded PUC's Decision had the effect of "controlling" property of the estate in contravention of Code § 362(a)(3), and entered an order permanently enjoining PUC from enforcing it. I reverse.

## I. BACKGROUND AND APPLICABLE LEGAL STANDARDS.

I have already issued two published decisions in 96–K–256. *See Colorado Public Utilities Comm'n v. Yellow Cab Cooperative Ass'n (In re Yellow Cab)*, 192 B.R. 555 (D.Colo.1996) (granting PUC's motion for stay pending appeal); 194 B.R. 504 (D.Colo. 1996) (denying Yellow Cab's motion to dismiss appeal or, in the alternative to vacate stay and rejecting contention that appeal was mooted by sale of CPCN). The facts and procedural history underlying the appeal were set forth fully in these previous decisions, and will not be repeated.

At issue is the bankruptcy court's January 26, 1996 Order Granting Permanent Injunction, which prohibited PUC from enforcing its Transfer Decision. Order Granting Permanent Inj. (R.Vol. I, Tab 89.) In the January 26 Order, the bankruptcy court found PUC's Transfer Decision reducing the number of taxicabs Yellow Cab could transfer to Taxi Associates to be "an action solely directed against the property of [Yellow Cab], which does not protect an important public interest." Order at 7. Finding the action fell outside the § 362(b)(4) exception for governmental enforcement of its police or regulatory power, the bankruptcy court ruled PUC's actions violated the automatic stay. *Id.* The court ordered PUC "forthwith" to authorize the transfer of Yellow Cab's full 600 cab authority to Taxi Associates and further ordered PUC to transfer and issue "all documents necessary to [effect] the transfer." Order Amending Order Granting Permanent Inj. Dated January 26, 1996 (R.Vol. I, Tab 108) at 2.[1]

## II. STANDARD OF REVIEW.

 On appeal, a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R.Bank.P. 8013. Findings of fact will not be disturbed unless "clearly erroneous." *Id.* Conclusions of law are reviewed *de novo. See Branding Iron Motel, Inc. v. Sandlian Equity, Inc. (In re Branding Iron Motel,*

---

1. As set forth in my April opinion, 194 B.R. at 506, PUC complied and the sale to Taxi Associates closed on February 9, 1996. I rejected Yellow Cab's contention that the sale rendered the appeal moot. I explained the 1995 order approving the sale of Yellow Cab's assets, an appeal of which would have been rendered moot by the sale, was not the order from which this appeal is taken. It is the January 26 Order that forms the basis of the appeal, and that Order remains subject to review and invalidation notwithstanding the sale to Taxi Associates. *See id.* at 508–09 (ruling that the CPCN to which Taxi Associates succeeded would be subject to the findings in the Transfer Decision and PUC's continuing regulatory authority).

*Inc.),* 798 F.2d 396, 399–400 (10th Cir.1986). On the mixed question of whether the facts satisfy the proper legal standard, the district court should conduct a *de novo* review if the question involves primarily the consideration of legal principles and apply the clearly erroneous standard if the question is primarily a factual inquiry. *Clark v. Security Pac. Business Credit, Inc. (In re Wes Dor, Inc.),* 996 F.2d 237, 241 (10th Cir.1993).

■ This appeal requires me to decide whether the automatic stay provision of the Bankruptcy Code prevents PUC from enforcing its December 13 Transfer Decision. Section 362(a) provides a stay of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor...." 11 U.S.C. § 362(a)(1). However, the filing of a petition does not operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. § 362(b)(4).

■ As interpreted by the Tenth Circuit, Congress's intent in enacting the § 362(b)(4) was "to correct the problem of undue interference with governmental regulation by bankruptcy courts." *Eddleman v. United States Dep't of Labor,* 923 F.2d 782, 785–86 (10th Cir.1991). Courts considering whether the exception should apply to given government action should "examine each case carefully, with a view to protecting important governmental interests." *Id.* at 786.

The facts in this case are essentially undisputed. Applying these facts to the law, the bankruptcy court found PUC's December 13 Transfer Decision did not protect "an important public interest" and therefore the § 362(b)(4) governmental action exception from the automatic stay did not apply. Under the standards defined above, my review is *de novo.*

## III. *DISCUSSION.*

■ In reaching its conclusion, the bankruptcy court relied on *Bernstein v. R.C. Williams, Inc. (In re Rocky Mountain Trucking Co.),* 47 B.R. 1020 (D.Colo.1985)

and *Board of County Comm'rs v. Fairfield Communities, Inc.,* 122 B.R. 128, 130 (D.Colo.1990). In *Bernstein,* Judge Weinshienk determined a similar CPCN was "property of the estate" and ruled PUC's consideration of the debtor's postpetition nonuse of its operating authority was subject to the automatic stay. 47 B.R. at 1021. The decision makes no reference to § 362(b)(4) or the exception from stay afforded governmental regulatory or enforcement actions. It also predates *Eddleman,* the 1991 Tenth Circuit decision analyzing the purpose and effect of § 362(b)(4). 923 F.2d 782. After *Eddleman,* it is doubtful *Bernstein* remains good law.

In *Fairfield,* Judge Carrigan looked to the legislative history of § 362(b)(4) and found that in enacting the exception, Congress "intended [it] to be construed narrowly 'in order to protect the public health and welfare and not to apply to actions by a government unit to protect a pecuniary interest in property of the debtor or of the estate.' [Internal citations omitted.]" Invoking *Fairfield,* the bankruptcy court here conclusorily determined the Transfer Decision did "not protect an important public interest" and that the governmental action exception of § 362(b)(4) therefore did not apply. This determination ignored *Eddleman* and the illumination in that decision of the "pecuniary" and "public" interest tests to which *Fairfield* refers.

As set forth in my February decision granting PUC's motion for stay pending appeal, the Tenth Circuit has rejected the narrow application of § 362(b)(4) employed by the bankruptcy court in this case. "Under the plain language of the statute, governmental action must simply be taken for the purpose of exercising 'police or regulatory' power in order to qualify for the exemption." *Eddleman,* 923 F.2d at 790.

■ Recognizing "[n]ot every agency action against a debtor can be characterized as one that enforces 'police or regulatory power,'" the Tenth Circuit adopted the "pecuniary purpose" and "public policy" tests for considering the applicability of § 362(b)(4). *Eddleman,* 923 F.2d at 791. Under the former, courts must determine whether the government's proceeding relates primarily to the protection of the government's pecuniary in-

terest in the debtor's property and not to matters of public policy in considering whether the governmental exception applies. *Id.* Under the latter, courts seek to distinguish proceedings aimed at effectuating public policy from those aimed at adjudicating private rights. *Id.* Actions taken for pecuniary or private interests are not excepted from the stay. *Id.*

The bankruptcy court's failure to apply the pecuniary purpose or public policy tests to PUC's action constitutes reversible error. Rather than remand the case to the bankruptcy court, however, I will decide the issue and find PUC's actions exempt from the stay under either test.

■ Based on the undisputed facts in the record, PUC's Transfer Decision reducing Yellow Cab's operating authority was not designed to advance the government's pecuniary interest or to adjudicate the parties' private rights. Rather, PUC decided the issue of dormancy based on Yellow Cab's non-use of its full operating authority *"and damages to other carriers or to the public interest* as a result of [any] reactivation of dormant rights." Transfer Decision (PUC Mot. Stay, Att. 2) at 17–18. PUC specifically premised its ruling on a determination that "destructive competition may result by unconditional approval of the transfer." *Id.* at 20. Under either *Eddleman* test, PUC's actions were exempt from the automatic stay under § 362(b)(4). Accordingly,

The bankruptcy court's January 26, 1996 Order Granting Permanent Injunction is REVERSED and the injunction precluding PUC from enforcing its December 13, 1995 Transfer Decision VACATED. The parties are to bear their own costs on appeal.

As I explained in my April 12, 1996 Order, this decision does not affect the sale of the Yellow Cab CPCN to Taxi Associates; it merely determines that at the time the CPCN was transferred from Yellow Cab to Taxi Associates in February 1996, it was properly subject to the December 13 Transfer Decision. Whether the Transfer Decision will survive the appeal presently pending in the state courts remains to be seen. My decision here should not be interpreted as stating this court's opinion regarding the va-

lidity of PUC's Transfer Decision as a matter of law or the merits of its dormancy finding.