### In re Dennis SLADEK and Diana Sladek, Debtors.

### Dennis and Diana Sladek, Appellants,

### v.

### Sally Zeman, Chapter 13 Trustee, Appellee.

### Civ. A. No. 00–K–1469.

United States District Court, D. Colorado.

Oct. 11, 2001.

Stephen Hyde Swift, Stephen H. Swift Law Office, Colorado Springs, CO, for debtors.

Chad S. Caby, Chapter 13 Trustee, District of Colorado, Denver, CO, for Sally Zeman, Chapter 13 Trustee.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

This is another in the series of appeals by *Dennis and Diana Sladek* from orders in their bankruptcy proceeding. Judge Matheson ruled disallowing certain exemptions and granting the Chapter 13 Trustee's motion to reconvert the case to Chapter 7.[1] The underlying bankruptcy order was issued by Judge Matheson in Bankruptcy Case No. 98–13526 and Adversary Case No. 99–1365 on July 12, 2000. In that order, Judge Matheson granted the Chapter 13 Trustee's Motion to Convert to Chapter 7, and granted in part The Chapter 13 Trustee's Objections to Debtors' Claims of Exemptions.

## *STANDARD FOR REVIEW*

Pursuant to Rule 8013, the district court may affirm, modify or reverse a bankruptcy court judgment, order or decree or remand with instructions for further proceedings. Findings of fact shall

---

1. This appeal originally contained additional claims for relief, but I dismissed them on the unopposed motion of the Trustee by Order dated September 27, 2000.

not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. F.R. Bankr.R. 8013. Conclusions of law are reviewed *de novo*. *Colorado Pub. Util. Comm'n v. Yellow Cab Coop. Ass'n (In re Yellow Cab Coop. Ass'n)*, 200 B.R. 237, 238–240 (D.Colo.1996).

### DISCUSSION

While there is no prohibition on multiple filings, the Sladeks have repeatedly tried to use the bankruptcy court as their own personal debt restructuring agency, with little or no regard for their ultimate creditors. This appeal addresses three actions taken by the bankruptcy court. The first two concern exemptions the Sladeks maintain should be allowed and the third granted the Chapter 13 Trustee's motion to reconvert from a Chapter 13 to a Chapter 7. For the reasons stated below, their appeal is denied and the order of the bankruptcy court is affirmed.

### A. Exemptions

■ The Sladeks' argument for allowing their exemptions is without merit. 11 U.S.C. § 522 sets forth the federal exemptions that are available to a debtor *unless* the law of the particular state applicable to the debtor specifically provides the federal exemptions do not apply. This is precisely the case in Colorado.[2] Neither of the items claimed as exemptions appear within the list of exemptions recognized in Colorado. The Chapter 13 Trustee correctly argues that pursuant to Colorado law, the exemptions to be claimed by Colorado residents are limited to those expressly pro-

vided by state law. Colo.Rev.Stat. § 13–54–107.

The Sladeks' response to this argument is that they really did not mean these items were exemptions, but rather that they were improperly included in the bankruptcy estate in the first place. This argument is untenable. 11 U.S.C. § 542(a) sets forth the primary purpose of the bankruptcy statutes: to include all of the assets of the debtor in the estate. 11 U.S.C. § 541 sets forth what constitutes property of the estate, including "all legal or equitable interests of the debtor in property as of the commencement of the case." *Id.* § 541(a)(1).

Once the property of the estate has been identified, the debtor may file for exemption of certain assets. The Sladeks' arguments for allowing their exemptions are really arguments for excluding these items from the bankruptcy estate. If they truly believed these items were excludable from the estate, they should not have filed them as exemptions. This distinction is not obtuse.

The Sladeks also provide no case law supporting their position. The only cases they cite discuss assignability of malpractice claims.[3] The Trustee is not seeking assignment of the claims, but disallowance of them as exemptions from the estate. The Florida case cited by the debtors in their brief[4] does not state that malpractice actions are not part of the bankruptcy estate in Florida. The case never even mentions bankruptcy. As the Sladeks fail to show that either of the claimed exemptions are within the statutory exemptions, and the rest of their arguments are merit-

---

**2.** The exemptions in Colorado are set out in Colo.Rev.Stat. §§ 13–54–102 and 13–54–104.

**3.** Both of the exemptions at issue are ongoing malpractice litigation matters which Mr. Sladek is pursuing.

**4.** *Aaron v. Allstate Insurance Co.,* 559 So.2d 275, 277 (Fla.Dist.Ct.App.1990).

less, the Trustee's Objection to Exemptions was properly granted.

## B. Reconversion

■ The Motion by the Trustee to reconvert is equally simple. Judge Matheson found the Sladeks acted in bad faith and were unable to show the court their Chapter 13 plan was feasible. Following the holding in *In re Gier*, 986 F.2d 1326 (10th Cir.1993), Judge Matheson considered the totality of the circumstances in determining bad faith. His finding was based upon several examples of bad faith: the Sladeks' Motion to Convert was filed after the order of discharge entered in the original Chapter 7 case; there were significant errors of omission in their schedules and once those were discovered the Sladeks moved to exempt them; the case was not timely prosecuted and the Sladeks resisted the Chapter 7 and Chapter 13 Trustees' efforts to administer the estate. The Sladeks' response to these examples is not credible. They claim mistake and lack of knowledge of the bankruptcy rules,[5] but they initially prosecuted the case *pro se* and very lately hired bankruptcy counsel. "Because the bankruptcy court's §§ 1325(a)(3) inquiry into the debtor's good faith is a factual one, both the district court and the court of appeals must accept the bankruptcy court's finding unless it is clearly erroneous." *In re Gier*, 986 F.2d at 1327 (citations omitted).

The bankruptcy court also found that the Sladeks' plan was unfeasible. Judge Matheson based this on findings of the Sladeks' lack of income, the plan's contingency upon the successful outcome of the previously mentioned litigation, and the sporadic and speculative nature of the other identified sources of income. The weakness of the Sladeks' Chapter 13 plan combined with the finding of bad faith were sufficient grounds for the bankruptcy court to grant the Trustee's motion for reconversion.

The appeal is denied in all respects. The appellee shall have judgment for her costs.

---

5. Mr. Sladek was at all relevant times at least nominally a lawyer.